In the Matter of HARRY E. NELSON, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Appellant.

First Department, November 26, 1957.

*Irving L. Rollins* of counsel (*John R. Davison* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for appellant.

*Allan Hyman* of counsel (*Kelly, Hyman & Deeley,* attorneys), for respondent.

BASTOW, J. The question presented upon this appeal is the applicability of the short Statute of Limitations provided in section 1286 of the Civil Practice Act requiring that a proceeding to review a determination must be instituted within four

months after it becomes final and binding. The appeal comes to us upon a denial of appellant's cross motion to dismiss the proceeding upon the ground that it was not timely instituted.

In September, 1955 petitioner was the holder of a license to operate a motor vehicle issued by the Bureau of Motor Vehicles. He applied for a renewal thereof for a period of three years from September 30, 1955. The application therefor, among other things, asked the question as to whether the applicant had ever had epilepsy to which the petitioner answered in the affirmative. On September 26 the petitioner was notified that in view of his past history of epilepsy his application was refused. At the same time the bureau suspended his existing operator's license which by operation of law would have expired four days thereafter.

In this proceeding commenced on November 30, 1956—more than 14 months after the original determination—petitioner seeks an order annulling the order of the commissioner suspending his operator's license and directing the return of the license and the renewal thereof. During this intervening period of more than a year there was correspondence between petitioner and the bureau and activity on the part of both parties. Some six months after the refusal to renew, petitioner in a letter requested the bureau to review the suspension and refusal to renew. In reply it was stated that petitioner should submit an application without the required fee together with statements from three neuropsychiatrists with their recommendations as to his right to operate a vehicle in the light of his physical condition. This was done. Two of the doctors expressed a favorable opinion and the third recommended that permission to drive be held in abeyance. On July 9, 1956 the petitioner was advised that his license would not be renewed. It appears that further communications were addressed to appellant, who referred the matter to the board of medical advisers of the bureau. On September 26, 1956 the petitioner was again informed that his license would not be renewed. Thereafter the applicant wrote two further letters to the bureau and on October 19, 1956 the application for the fourth time was denied.

There followed, as has been stated, the commencement of this proceeding to review the determination of September 26, 1955. Special Term denied the cross motion to dismiss the proceeding because it was not timely instituted and held that there was a triable issue of fact as to when the final determination denying the renewal of the license was made. It was further held that insofar as the petition sought to challenge the four-day suspension of the operator's license the question became academic by

virtue of the denial of the renewal of the license. Petitioner has not appealed from that portion of the decision.

The Vehicle and Traffic Law (§ 20, subd. 5) does not provide for a hearing procedure with respect to the refusal of the commissioner to issue or renew an operator's license. It is expressly stated therein that such administrative action may be reviewed by a proceeding under article 78 of the Civil Practice Act. Therefore there is no statutory or implied right to a hearing (*Matter of Fink* v. *Cole,* 1 N Y 2d 48, 51). It follows that when the petitioner was informed in September, 1955 that his application to renew the license had been refused he knew or should have known that he was relegated to a pursuit of such rights as were afforded to him by article 78. Instead of taking such action petitioner for more than a year carried on correspondence with the bureau in a patent effort to convince the commissioner that the original determination should be reversed. Upon the record before us the gravamen of the proceeding is to review the action of the commissioner in denying the application in September, 1955. The petitioner contends that he was lulled into inaction by the entertainment of further requests for reconsideration. It is only necessary to point out that the petition herein shows that nearly six months elapsed after the original determination of September, 1955 before petitioner in his own words requested the commissioner '' to review the suspension of his operator's license and the refusal to renew the same ''. Moreover, the petitioner, while applying to the commissioner for reconsideration of his determination, could have protected his rights by a timely resort to the remedy afforded by article 78.

In *Matter of Foy* v. *Brennan* (285 App. Div. 669, 672), this court pointed out that on the issue of timeliness of the commencement of an article 78 proceeding the nature of the relief sought is determinative. In substance it was there stated that if the review is to annul or modify a determination involving judgment or discretion the time limit is four months after the determination becomes final. This is so whether the proceeding is one in the nature of what was formerly certiorari to review a determination, involving the exercise of quasi-judicial discretion, made after hearing by an administrative agency, or in the nature of what was formerly mandamus as related to the review of administrative discretion in which a hearing is not required. The other time limit established by section 1286 relates to so much of mandamus as involves an attempt to compel performance of a ministerial duty imposed by law. In such case the short statute starts to run after the refusal to perform upon demand.

The present proceeding is one to review a determination of an officer exercising an administrative — not quasi-judicial — function which involves an exercise of judgment or discretion (Civ. Prac. Act, § 1284) without the right to hearing. We conclude that the four months' period commenced to run when the determination became final and binding in September, 1955 and the proceeding was not timely commenced.

Through the years since the enactment of article 78 there have been decisions of lower courts in this type of review of administrative determinations where the short statute has been tolled by a finding that the administrative agency has acted upon requests to reopen the proceeding for reconsideration or to submit further evidence. We recognize that this suggested rule of "continuing wrong" may have considerable equitable persuasiveness. It seems, however, that such a holding upon the facts here presented ignores the plain language of the statute. As this court said in *Matter of Alliano* v. *Adams* (2 A D 2d 532): "Patently, the termination by the police commissioner of petitioner's services was an affirmative act involving an exercise of judgment and discretion within the definition of subdivision 2 of section 1284 of the Civil Practice Act. Proper or improper, it constituted a final determination and the theory of a continuing wrong is not applicable." (See, also, *Matter of McDermott* v. *Johnson,* 2 N Y 2d 608, 610; *Matter of Hall* v. *Leonard,* 260 App. Div. 591, 595, affd. 285 N. Y. 719.)

This conclusion prevents us from reaching the merits of the application but the petitioner is not without remedy. He has a continuing right to make a new application to the commissioner. The ground rules therefor have been laid down in *Matter of Perpente* v. *Moss* (293 N. Y. 325, 329–330). There, the court in considering the issuance of a license to conduct an employment agency said: "We do not mean to imply that where the Commissioner has, upon sufficient evidence, determined that an applicant is not a person of good character and has denied his application the applicant may promptly file a new application and compel the Commissioner to re-examine the question. Usually there is room for the exercise of discretion whether the time has come for reconsideration. That may depend on many factors: the nature of the evidence originally examined and of the evidence offered when a new application is made; the ground for the denial of the first application, as well as the time that has elapsed since that denial. These and perhaps other questions still remain open."

The order insofar as appealed from should be reversed and the motion to dismiss the petition granted.

PECK, P. J., BREITEL, FRANK and VALENTE, JJ., concur.

Order so far as appealed from unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss granted, with $10 costs.