OPINION OF THE COURT
Fuchsberg, J.
The threshold and dispositive question before us is whether petitioner timely commenced this article 78 proceeding.
By registered letter dated January 12, 1972, petitioner was advised by his employer, the New York State Division of Veterans Affairs, that pursuant to rule 5.3 (d) of the Rules and Regulations of the Department of Civil Service (4 NYCRR 5.3 [d]) he was deemed to have "resigned” his position as a State Veterans Counselor.[1] The rule permitted the visitation of such consequences on an employee for absence without leave and without a sufficient explanation for a period in excess of 10 working days.[2]
Petitioner sought reconsideration but, on February 15, 1972, was officially advised by the agency that it would adhere to its determination. Before then, on February 10, he had already appealed to the State Civil Service Commission. On June 12, 1972, that appeal was dismissed on the ground that it could not be brought from a "voluntary” dismissal. The commencement of the present proceeding followed on August 18, 1972.
The invocation by the petitioner of reconsideration by the division served as a demand upon that agency that it act or perform a duty enjoined on it by law, in this case that it reinstate him. Such a demand is a prelude to the commencement of an article 78 proceeding in the nature of mandamus. *639 The denial of reconsideration contained in the agency’s letter of February 15, 1972 constituted a rejection of the demand and set in motion the time within which judicial review had to be requested (Matter of Sirles v Cordary, 49 AD2d 330, 332, affd on opn below 40 NY2d 950). Thus, when this proceeding was commenced against the division on August 18, 1972, the four-month period prescribed by CPLR 217 had already expired.
The petitioner also claims that, because the Civil Service Commission did not dismiss the appeal taken to it until June 12, 1972, the commencement of the article 78 proceeding on August 18, 1972 was timely as against it. Assuming arguendo, that an appeal from the division’s declaration that the petitioner had "resigned” was available directly to the commission itself, in this case it was taken too late.
Under subdivision 1 of section 76 of the Civil Service Law if an employee elects to pursue the path of an administrative appeal, it must be filed "in writing within twenty days after service of written notice of the determination”. In the case before us, the advice of the original determination was given by the director of the division as early as January 12. However, notice of the appeal to the Civil Service Commission was not served before February 10, the date of the writing by means of which it was communicated. Thus, that the appeal was not taken within the 20-day period is incontrovertible. Moreover, the statute contains no provision for the tolling of the 20-day limitation during the time that an aggrieved party may seek reconsideration of its decision by the employing agency.
Consequently, administrative review of the merits of the agency’s determination by the Civil Service Commission having been time-barred, the attempt to resurrect the same question by means of this article 78 quest for judicial review of the commission’s dismissal of the belated appeal must fail (cf. Matter of Davis v Kingsbury, 30 AD2d 944, 945, affd 27 NY2d 567; Matter of Karaffa v Simon, 14 AD2d 978, 979; Matter of Nelson v Kelly, 4 AD2d 596, 598-599).
Finally, in the light of arguments presented on this appeal, we take the opportunity to point out that Matter of Johnson v Director, Downstate Med. Center (41 NY2d 1061) by no means holds that an unexplained absence may not be grounds for dismissal of an employee. Rather, the thrust of our decision in that case (p 1063) is that the "full panoply of *640 procedural due process” required by section 75 of the Civil Service Law may not be circumvented by an administrative rule creating an irrebuttable presumption of resignation. The letter and spirit of the Civil Service Law interdicts such a facile addition to the available means for bringing about a termination of tenured public employment.
In any event, this proceeding being time-barred for the reasons we have indicated, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed, with costs.

. Subsequently, when the present case was still wending its way through the courts, we declared rule 5.3 (d) invalid as in contravention of the statutory procedures contained in section 75 of the Civil Service Law (Matter of Johnson v Director, Downstate Med. Center, 41 NY2d 1061).

. Because the specific facts underlying this petitioner’s absence are to be found in the majority memorandum at the Appellate Division (56 AD2d 653), we do not repeat them here.