In the Matter of ALBERTIS M. ARMSTRONG, Appellant, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel respondents to reinstate petitioner as a full-time tenured teacher in the East Ramapo Central School District, the appeal is from a judgment of the Supreme Court, Rockland County, dated April 20, 1978, which dismissed the proceeding, upon the ground that it was time barred. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a disposition on the merits. As we view this proceeding, it is one to compel the performance of a duty specifically enjoined by law. Accordingly, the four-month limitation period must be computed from September 8, 1977,

the date of respondents' refusal to reinstate petitioner, upon his demand (see CPLR 217). Since this proceeding was commenced on October 25, 1977, only about six weeks after the date of such refusal, it must necessarily be considered timely. We note that even were we to consider this proceeding one to review a determination, and therefore compute the limitations period from the date the determination became final and binding upon the petitioner, we would still find this proceeding timely. It is well settled that "In the case of 'determinations,' the phrase 'final and binding' means that the action must actually have impact on the petitioner. If the order may not affect petitioner unless certain events occur subsequent to the determination, the period will not begin to run until those events occur" (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02, p 78-105). In this case, the respondent board of education's action in October, 1976 purporting to appoint petitioner to a three-year probationary term as a teacher of special education, had no impact upon petitioner at the time it was taken, despite petitioner's present claim that he acquired tenure in the special education tenure area either shortly before or shortly after that time. Subsequent to the board's action, petitioner continued to be a teacher of special education, as he had been during the previous school year. To all outward appearance, none of the rights which would have accrued to petitioner from his purported acquisition of tenure was violated or even jeopardized by the board's action. It was not until May, 1977, when the board resolved to terminate petitioner's employment, without according him the opportunity of a hearing, that any of petitioner's alleged tenure-related rights were threatened, and it was not until June 30, 1977, the date petitioner's employment was actually terminated, that the board's action had an impact upon him (see *Matter of Wininger v Williamson*, 46 AD2d 689). Under these circumstances, if we were to consider this proceeding one to review a determination, the limitations period would be computed from June 30, 1977 and this proceeding, brought October 25, 1977 would nonetheless be timely. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.