◼ HASSAN ALI, Petitioner, v REINALDO FERRER, as Commissioner of the Department of Health of the City of New York, Respondent.—Order of the New York City Health Commissioner dated March 16, 1978, dismissing petitioner from his position of employment for cause but allowing him to apply for reinstatement, is confirmed, without costs and without disbursements. Petitioner was appointed to the New York City Department of Health as a laboratory technician on November 25, 1974. On December 8, 1975, he took his annual leave and went to England with his family. In early January, 1976, after his leave had expired, petitioner requested permission to remain in England for an additional two weeks due to an injury he had apparently sustained there. Petitioner had accumulated sick leave and was paid through January 21, 1976. On January 17, 1976, petitioner wrote to his superior requesting a further leave of absence, due to "family circumstances", until April 16, 1976. Although the request was never formally granted, petitioner remained in England, and on April 16, 1976, he again wrote to his superior requesting an extension of his leave for another three months until July 16, 1976. Prior to this trip to England, petitioner had worked on, but not completed, a doctoral degree in philosophy at the University of Bradford, England. During his stay in England from December, 1975 through July, 1976, petitioner resided in Bradford and received his doctorate there on April 23, 1976. Prior to receipt of petitioner's letter of April 16, 1976, respondent's director of personnel services, aware of petitioner's unapproved absence, wrote to him in England, notifying him that his absence from work constituted cause for "resignation" pursuant to rule 6.4.6 of the Rules and Regulations of the New York City Civil Service Commission, and advising petitioner to respond within five days of receipt of the letter. Petitioner responded on April 24, 1976 that he intended to remain on leave until July 16, 1976. On May 26, 1976, petitioner was notified by the director that his employment was terminated as of April 19, 1976, pursuant to rule 6.4.6. Subsequent requests to the director from both petitioner and then by his union, to reconsider the decision, were denied. In May, 1977, the Court of Appeals decided *Matter of Johnson v Director,*

*Downstate Med. Center* (41 NY2d 1061), which held invalid a State Department of Civil Service regulation deeming absences without leave as "resignations" (similar to rule 6.4.6) as violative of the procedural due process regulations set down in section 75 of the Civil Service Law. Subsequently, respondent revised its procedures relating to dismissals pursuant to rule 6.4.6, pending a formal amendment, to conform with section 75 of the Civil Service Law. Petitioner was given notice of the reasons for his termination on November 4, 1977, and an informal hearing was held on November 30, 1977. After petitioner rejected the findings of the informal hearing officer, a formal hearing was held wherein petitioner was afforded the right to counsel, to present evidence, and to confront and cross-examine witnesses. The hearing officer found that petitioner "without any authority whatsoever, absented himself from his employment * * * without considering his duty as an employee of the Department of Health." The officer recommended that petitioner be dismissed as of January 17, 1976, but that he be reinstated if he responded within 30 days. The Commissioner of Health adopted these recommendations on March 16, 1978. Petitioner requested and was granted reinstatement effective July 17, 1978. He noted in his application that it was being made "without prejudice and under protest", apparently because the reinstatement form contained language appearing to agree to a waiver of any claims for back wages, seniority and other benefits previously accrued. After resuming his duties, petitioner was informed by respondent that his original request for reinstatement was unacceptable, whereupon petitioner executed another application with the same disclaimer. He was then notified that effective July 28, 1978, he could not continue his employment for failure to comply with the conditions for reinstatement. Petitioner then commenced this CPLR article 78 proceeding. Petitioner's reliance on *Matter of Johnson v Director, Downstate Med. Center (supra)* is misplaced. That decision did not hold a similar "absence-without-leave-is-equivalent-to-resignation" regulation void on its face. As the court clarified in *McGirr v Division of Veteran Affairs* (43 NY2d 635, 639), *Johnson* "by no means holds that an unexplained absence may not be grounds for dismissal of an employee. Rather * * * that the 'full panoply of procedural due process' required by section 75 of the Civil Service Law may not be circumvented by an administrative rule creating an irrebuttable presumption of resignation." As noted above, respondent's action taken pursuant to rule 6.4.6 occurred prior to the court's decision in *Johnson,* subsequent to which respondent took appropriate measures to comply with that ruling. Accordingly, petitioner was granted a full hearing on the merits after notice of charges, wherein he was represented by counsel, presented evidence, and cross-examined witnesses. Justice Kupferman concurs but adds that, although respondent correctly asserts that petitioner has no cause of action under CPLR article 78, respondent imposed an impermissible condition on petitioner's reinstatement, and while the determination of dismissal is confirmed, and the petitioner has no claim or right for back pay or otherwise, his waiver thereof was not a condition of his re-employment. Therefore, Justice Kupferman would add that petitioner should be granted leave to apply, within 30 days, for reinstatement to employment. The other members of the court, with respect to this question of leave to apply for reinstatement, either reject this view or do not pass on this issue inasmuch as it was not raised by the parties. Concur—Birns, Silverman, Ross and Lynch, JJ. Kupferman, J. P., concurs in the result only.