■ In the Matter of HAROLD HALLE, Respondent, v BOARD OF EDUCATION OF BAY SHORE UNION FREE SCHOOL DISTRICT et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal, by permission, is from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 21, 1982, which denied appellants' motion to dismiss the proceeding on the ground that it was time barred. Order reversed, on the law, with costs, motion granted and proceeding dismissed. By letter dated May 26, 1981, petitioner demanded that appellants perform their clear legal duty to appoint him to a tenured position similar to that which he had previously held until it was abolished pursuant to section 2510 of the Education Law. The appellant superintendent of schools promised petitioner a reply, but the board of education by resolution dated June 17, 1981 appointed another teacher to the position sought by petitioner, effective August 1, 1981. There is nothing in the record demonstrating that the board of education subsequently reconsidered this action, which was a public act in defiance of petitioner's demand. The instant proceeding, for a judgment compelling petitioner's appointment and payment of back salary was not commenced until November 11, 1981 at the earliest. The proceeding was therefore brought more than four months after accrual of his cause and was

time barred under CPLR 217 (*Matter of Piaggone v Board of Educ.*, 92 AD2d 106). Appellants' objection in point of law (CPLR 7804, subd [f]) was therefore improperly overruled, and the motion to dismiss must be granted. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.