■ CAROLE WINSTON, Individually and on Behalf of All Other Persons Similarly Situated, Appellant, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent to appoint petitioner to a full-time tenured teaching position, petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Miller, J.), dated June 22, 1982, as granted respondent's motion to dismiss the petition. Order and judgment affirmed, insofar as appealed from, without costs or disbursements. "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357). Testing the applicability of *res judicata* by transactional analysis of the claims asserted in this and a prior proceeding (see *Smith v Russell Sage Coll.,* 54 NY2d 185; *O'Brien v City of Syracuse, supra*), Special Term correctly concluded that this court's

prior adjudication of the service rights of part-time teachers, whose employment with the respondent school district had not been continuous (*Mullin v Board of Educ.*, 81 AD2d 907, 908, mot for lv to app den 54 NY2d 607), barred petitioner's instant claims, made pursuant to subdivision 3 of section 2510 of the Education Law, under the doctrine of *res judicata*. Moreover, this proceeding is time barred. After the list of eligibles for petitioner's tenure area had been published, petitioner's letter of March 19, 1980, contesting respondent's computation of her seniority credits, served as a demand for reinstatement to a regular, full-time teaching position. The refusal to recompute petitioner's seniority credits, contained in a letter dated March 24, 1980, from respondent's director of personnel, constituted a rejection of the demand and set in motion the time within which judicial review had to be requested. Consequently, when this proceeding was commenced against respondent, on January 4 or 5, 1982, the four-month period prescribed by CPLR 217 had already expired (see *Matter of McGirr v Division of Veterans Affairs, Executive Dept.*, 43 NY2d 635; *Matter of Armstrong v Board of Educ.*, 72 AD2d 601). Even if we accept petitioner's contention that the date the eligible list was promulgated, on or about July 1, 1981, is the date petitioner's demand was rejected, the proceeding was still time barred by January 4 or 5, 1982. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.