■ In the Matter of IRENE SOPHER, Appellant, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to restore to petitioner her reinstatement rights in the elementary school tenure area and to retroactively reinstate her to the first elementary tenure vacancy in the East Ramapo Central School District, petitioner appeals from a judgment of the Supreme Court, Rockland County (Ruskin, J.), dated April 7, 1983, which granted the motion of the respondents to dismiss the proceeding upon the ground that it was barred by the Statute of Limitations. Judgment affirmed, with costs. In October, 1979 petitioner was informed by respondents that if she did not accept an offered teaching position she would be removed from the preferred eligibility list in the elementary tenured area. Petitioner refused this position, as she was already employed as an assistant principal, but protested her removal by a letter dated October 14, 1979. One month later she was informed of her removal from the list. In May, 1982 petitioner was informed that her assistant principal position was being abolished. She requested to be reinstated on the eligibility list for elementary teachers pursuant to subdivision 3 of section 2510 of the Education Law but after much correspondence between petitioner and respondents during May and June, 1982, her request was denied. The instant proceeding was not commenced until on or about January 4, 1983. This proceeding is in the nature of mandamus to compel a duty (see *Matter of McGirr v Division of Veterans Affairs,* 43 NY2d 635; *Matter of Armstrong v Board of Educ.,* 72 AD2d 601). As such, CPLR 217 requires that the proceeding be brought within four months after the respondents' refusal upon the demand of petitioner to perform their duty. Petitioner's protest upon being removed from the preferred eligible list in 1979 and respondents' subsequent letter informing her of her removal constituted a demand and refusal, and thus her action is now time barred (*Winston v Board of Educ.,* 96 AD2d 901; *Matter of Halle v Board of Educ.,* 96 AD2d 840; *Matter of Piaggone v Board of Educ.,* 92 AD2d 106). Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.