■ SANDRA STERRITT, Doing Business as FLO'S VALLEY FARM, Appellant, v HEINS EQUIPMENT COMPANY, INC., et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered May 15, 1984 in Schoharie County, which, in an action pursuant to CPLR article 71, *inter alia,* granted defendants' cross motions to dismiss the complaint.

In 1980, James K. Sterritt (hereinafter Sterritt), doing business as Flo's Valley Farm in the Village of Valatie, Columbia County, entered into a retail installment contract with defendant Heins Equipment Company, Inc., to purchase two wagons and forage boxes to be paid for in 36 equal payments. Heins assigned its security interest in the farm equipment to defendant Sperry Rand Corporation, Sperry New Holland Division. When Sterritt defaulted on certain payments, the farm equipment was repossessed and sold.

Thereafter, plaintiff, Sterritt's wife, commenced the instant action alleging conversion, breach of contract, fraud, and seeking an accounting. The summons and complaint list the action's plaintiff as "Sandra Sterritt d/b/a Flo's Valley Farm". By order to show cause, plaintiff moved for an order directing, *inter alia,* that she be given immediate possession of the farm equipment that had been repossessed. Heins cross-moved to dismiss the complaint on the grounds that a defense was based on documentary evidence and the complaint failed to state a cause of action (CPLR 3211 [a] [1], [7]). Heins argued that the farm operated by plaintiff was a Flo's Valley Farm located in the Town of Cobleskill, Schoharie County, rather than the Flo's Valley Farm located in Valatie that had entered into the retail installment contract. Sperry, after answering, also cross-moved to dismiss the complaint on the same grounds set forth in Heins' cross motion. Special Term granted Heins' and Sperry's cross motions dismissing the complaint without prejudice to the rights of Sterritt with regard to the subject matter of the action. This appeal by plaintiff ensued.

We affirm. It is beyond dispute that the purchaser of the equipment was Sterritt on behalf of the Flo's Valley Farm located in Columbia County. It is also true that a separate and distant farming operation was operated by plaintiff under a similar name in Schoharie County.

While it is well established that on a motion to dismiss a complaint the pleading must be liberally construed (CPLR 3026; *Raymond Corp. v Coopers & Lybrand,* 105 AD2d 926, 928) and all factual averments of the complaint must be deemed true, an entire complaint cannot be predicated solely on conclusory statements unsupported by factual allegations *(Cushing v Cushing,* 85 AD2d 809, 810). Here, plaintiff sought to base her entire action against Heins and Sperry on her conclusory statement that she "has standing to sue, whether she acquired the right to sue by lease, by assignment * * * or by whatever means she acquired the right to sue". Plaintiff offered no factual allegations to support this conclusory statement. There is nothing in the record indicating that plaintiff had any interest in the farm equipment or any rights under the retail installment contract. Special Term therefore properly granted the motions to dismiss the complaint.

Order affirmed, with one bill of costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.