■ In the Matter of JEANNE M. JOHNSON, Respondent, v STEVEN KATZ, as Commissioner of New York State Office of Mental Health, et al., Appellants.—Kane, J. P. Appeal from a judgment of the Supreme Court at Trial Term (Kahn, J.),

entered July 20, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of respondents terminating her probationary appointment and to reinstate her to her former position with back pay.

Petitioner was appointed to the position of treatment team leader at Kings Park Psychiatric Center in April 1982 subject to a probationary period of 26 to 52 weeks in length (Civil Service Law § 63; 4 NYCRR 4.5). In February 1983, petitioner was informed that she was being terminated. After she was terminated, petitioner commenced the instant CPLR article 78 proceeding alleging, *inter alia,* that her employer acted in bad faith in terminating her employment during the probationary period. Special Term referred the issue of bad faith to a jury, which found that respondents had acted in bad faith. Trial Term thus ordered that petitioner be reinstated to the treatment team leader position with back pay and without further probationary service. Respondents appeal.

In our opinion, Special Term erred in referring the matter for a trial of issues of fact concerning petitioner's allegations of bad faith. Accordingly, the judgment should be reversed. As a probationary employee, petitioner could be discharged prior to the completion of her probationary period without specific reasons being given, without charges being filed, and without a hearing *(see, Matter of York v McGuire,* 99 AD2d 1023, *affd* 63 NY2d 760; *Matter of Matsa v Wallach,* 42 AD2d 1004, 1005, *affd* 34 NY2d 891). Judicial review is limited to an inquiry as to whether the termination was made in bad faith and therefore was arbitrary and capricious *(Matter of King v Sapier,* 47 AD2d 114, *affd* 38 NY2d 960). "Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith" *(supra,* at p 116; *see also, Matter of York v McGuire, supra).* Moreover, petitioner has the burden of showing bad faith *(see, Matter of York v McGuire, supra).*

Petitioner alleges that she was not terminated on February 23, 1983 because of poor performance, but because her supervisor wished to protect other members of his staff from scheduled layoffs. This bald allegation finds no support in the record and, accordingly, petitioner has failed to raise a triable issue of fact. Rather, the record reveals the following. Petitioner's initial probationary report covering the period of April 29, 1982 to October 13, 1982 rated her "acceptable" in each category. However, petitioner's "performance appraisal and rating" dated December 28, 1982, noted that petitioner was

having trouble communicating with staff members. In this regard, the record contains a memorandum dated December 21, 1982, detailing a meeting at which petitioner was warned about the communications problem. Thereafter, on February 22, 1983, a probation report was issued which rated petitioner's performance unacceptable in several categories relative to cooperation with fellow workers. Her supervisors submitted affidavits with respondents' answer detailing the problems which resulted in the unfavorable final probation report. Moreover, these affidavits detailed the conference held with petitioner on December 21, 1982. Respondents also submitted correspondence from petitioner in which petitioner attempted to explain the reasons for her problems in working with fellow employees. Based on this record, we are unable to find that there was an issue of fact to be determined. It was, therefore, error to have submitted the matter to the jury and the petition should have been dismissed on the law *(Matter of York v McGuire, supra; Matter of King v Sapier, supra; Matter of Smith v Chambers, 32 AD2d 949, affd 26 NY2d 876)*.

Judgment reversed, on the law, without costs, and petition dismissed. Kane, J. P., Weiss and Levine, JJ., concur.

Yesawich, Jr., and Harvey, JJ., dissent and vote to affirm in the following memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent. We conclude that the evidence fully supports Trial Term's determination that the termination of petitioner's employment was arbitrary, capricious and in bad faith.

During her probationary period, the employer was required to appraise and to rate petitioner's performance. The appraisal was not only for the purpose of assessing job performance, but also of apprising petitioner in a timely manner as to a deficiency in her performance so that she would have an opportunity to make improvements *(see, Tuller v Central School Dist. No. 1, 40 NY2d 487, 495; see also, 4 NYCRR 4.5 [a] [5] [iii]; cf. Matter of Green v Commissioner of Envtl. Conservation, 94 AD2d 872, 873-874)*.

Petitioner's first probation report was made in October 1982 and a performance appraisal was done in December of the same year. In each instance, she was rated "acceptable" in each of the categories considered. The over-all numerical rating for the entire period of her employment until January 1, 1983 was 6.5 on a scale of 1 to 9, which placed her in the "upper range" of the "effective" category defined on the performance appraisal sheet as meaning that she "is perform-

ing better than expected for many of the objectives/tasks and is recognized as a particular asset to the agency and to the employees' organizational unit. Such an employee always meets and frequently exceeds performance expectations."

Less than two months thereafter and without any prior indication that her employment was in jeopardy, she was told that she had to be let go. It was later disclosed that an unsatisfactory final probation report was made in February 1983. Petitioner testified that Dr. Augusto Moreano, deputy director of the facility, told her that the only reason for her termination was due to layoffs resulting from budgetary cuts and his desire to protect other employees favored by him. Although probationary employment may be terminated without a hearing and without specific reasons being given, a civil service employer's sudden decision to write unsatisfactory job performance evaluations when faced with a decision to reduce the number of employees supports a finding of bad faith.

Finally, respondents contend that it was improper for Trial Term to order reinstatement of petitioner. As this court recently noted, a finding of bad faith on an employer's part warrants the relief granted to petitioner by Trial Term, i.e., reinstatement to permanent status without further probationary service (see, Matter of Green v Commissioner of Envtl. Conservation, 105 AD2d 1037, appeal dismissed 64 NY2d 884).

We would therefore affirm Trial Term's judgment.