In the Matter of LEON VAN DYKE, Respondent, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Appellants.

Third Department, January 26, 1989

## APPEARANCES OF COUNSEL

*Robert E. Diaz (Richard J. Trautwein* of counsel), for appellants.

*Richard E. Casagrande (William P. Seamon* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

Effective August 13, 1981, petitioner was provisionally appointed to the position of assistant in occupational education civil rights with respondent Department of Education. He subsequently passed a competitive examination for the assistant position, and an eligible list was established as of November 1, 1984, upon which he ranked sixth. He was granted a permanent appointment to the assistant position, effective September 19, 1985, subject to a flexible probationary period of 12 to 78 weeks *(see,* 4 NYCRR 4.5 [a] [1] [iii]). He served in this capacity until March 3, 1987, when he was apprised that the probationary period would be extended an additional 12 to 26 weeks *(see,* 4 NYCRR 4.5 [a] [5] [ii]). By letter dated September 1, 1987, respondent Commissioner of Education confirmed the summary termination of petitioner's employment, without a hearing, effective September 2, 1987.

On December 11, 1987, petitioner commenced this CPLR article 78 proceeding seeking reinstatement to his assistant position. His principal argument was that the maximum two-year probationary period *(see,* 4 NYCRR 4.5 [a] [1] [iii]; [5] [ii]), commencing with the establishment of the eligible list of November 1, 1984, had expired prior to his summary termination. Rejecting respondents' assertion that the proceeding was barred by the four-month Statute of Limitations set forth in CPLR 217, Supreme Court concluded that petitioner was a nonprobationary, permanent employee who could not be terminated absent a hearing *(see,* Civil Service Law § 75). Accordingly, the court ordered petitioner's reinstatement with associated benefits. Respondents have appealed.

The threshold question presented is whether petitioner's challenge is time barred. Supreme Court measured the prevailing four-month limitation period from petitioner's effective termination date, September 2, 1987 (see, Matter of Armstrong v Board of Educ., 72 AD2d 601). Respondents maintain, however, that the Statute of Limitations commenced when petitioner was first apprised by letter dated October 31, 1985 that the permanent appointment was subject to a term of probation. At the very least, respondents contend that petitioner was actually aggrieved by the discretionary extension of probation in March 1987. Measured from either juncture, this proceeding would clearly be untimely.

In assessing the appropriate limitations period, we look to when "the determination to be reviewed becomes final and binding" (CPLR 217). This case focuses upon the imposition of a term of probation to petitioner's permanent appointment. Notably, petitioner has not challenged the substantive basis for his dismissal. By petitioner's own account, he had acquired tenure by the time of the March 1987 probation extension. Moreover, since this was a discretionary extension, it impacted on petitioner's employment status. Consequently, we agree with respondents that any challenge to the probation requirements had to be made, at least, within four months of the March 1987 extension (see, Matter of Colon v New York City Tr. Police Dept., 114 AD2d 956; Matter of Pollack v Bahou, 102 AD2d 286, 294, appeal dismissed 63 NY2d 773; cf., Matter of Armstrong v Board of Educ., supra). As such, the petition should be dismissed as untimely.

In any event, we perceive no impropriety in petitioner's summary termination. It is well established that a probationary employee may be terminated without a hearing, provided the dismissal is in good faith and not unconstitutionally motivated (Matter of Montero v Lum, 68 NY2d 253, 261; Matter of Talamo v Murphy, 38 NY2d 637, 639; Matter of Macklin v Powell, 107 AD2d 964). As indicated, petitioner has not asserted any claim of bad faith or improper motivation. Indeed, the record indicates that his dismissal was precipitated by inadequate job performance. The sole issue here is whether the term of probation was in effect at the termination date. If not, the failure to afford petitioner a hearing renders his termination invalid.

The parties concur that petitioner's permanent appointment was subject to a maximum probationary period of two years

*(see,* Civil Service Law § 63 [1]; 4 NYCRR 4.5 [a] [1] [iii]; [5] [ii]). The dispute centers on the commencement point for this term. Relying on *Matter of Montero v Lum (supra)* and *Matter of Reis v New York State Hous. Fin. Agency* (133 AD2d 316, *lv dismissed* 71 NY2d 889), petitioner asserts that the probation period began on the date he officially passed the qualifying examination, i.e., November 1, 1984, when the eligible list was established. We fully recognize that this is precisely the holding of the First Department in the *Reis* decision, which interprets *Montero* as "holding that the civil service probationary period of an employee already performing the duties of the job by virtue of provisional status should be measured from the date he passed his civil service examination" *(Matter of Reis v New York State Hous. Fin. Agency, supra,* at 319). We do not, however, read *Montero* in this fashion and decline to follow the *Reis* decision.

In *Montero (supra),* the petitioner was initially appointed to a noncompetitive, part-time position on October 27, 1982, which became full time on November 8, 1982. Petitioner did not take the required physical examination and agility test until January 13, 1983. He passed both tests and was subsequently notified of his permanent appointment, effective January 13, 1983, subject to a one-year probationary period. After his summary termination, petitioner sought reinstatement on the premise that his term of probation began on the date of his initial appointment and had expired prior to his discharge. In rejecting this argument, the Court of Appeals concluded that the probationary period was properly measured "from the date he passed his civil service examination" *(Matter of Montero v Lum, supra,* at 255).

While this holding seemingly supports petitioner's thesis, it is crucial to recognize that the petitioner in *Montero (supra)* was fully qualified to assume his permanent position upon passing the required tests. No more was required to qualify for this noncompetitive position. That is not the situation here. Petitioner's status as the sixth eligible candidate for the assistant's position did not immediately qualify him for a permanent appointment. For positions in the competitive class, appointments must be made from among the top three candidates (Civil Service Law § 61 [1]). In our view, the true impact of the *Montero* decision is that in an instance, as here, where a provisional employee is subsequently given a permanent appointment, the probationary term is properly measured from the point when the employee fully qualifies for the

permanent position. In this manner, the constitutional mandate expressed in NY Constitution, article V, § 6, which compels appointments on the basis of "merit and fitness", is satisfied.

Here, the record confirms that petitioner did not become entirely eligible for a permanent appointment until September 19, 1985, when the third, fourth and fifth candidates on the eligible list opted for other positions. Notably, his permanent appointment coincided with this date. Thus, the relevant probationary term began on September 19, 1985 *(see, Matter of Bonacci v Quinones,* 124 AD2d 659, 660). Since this probationary term continued through petitioner's termination on September 2, 1987, he was not entitled to a hearing prior to discharge. Accordingly, Supreme Court's judgment must be reversed and the petition dismissed.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed.