■ In the Matter of JAMES L. STATOM, Appellant, v COUNTY OF DUTCHESS et al., Respondents.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (King, J.), entered June 4, 1990 in Dutchess County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

On December 23, 1988 petitioner was appointed to the position of correction officer in the Dutchess County Jail subject to a one-year probationary period. One month prior to the expiration of that period, petitioner was notified by respondent Dutchess County Sheriff that his services were being terminated effective November 4, 1989. Petitioner was paid his regular salary through November 10, 1989.

Petitioner then commenced this CPLR article 78 proceeding seeking annulment of the Sheriff's determination, reinstatement to his position as correction officer and replacement on the payroll as of November 10, 1989. Petitioner alleged that the Sheriff's action violated the notice requirements of former 4 NYCRR 4.5 (a) (5) (iii) and rule XIII (5) of the Dutchess County Rules for Classified Service, was arbitrary and capricious and made in bad faith. Respondents moved to dismiss

the petition pursuant to CPLR 3211 (a) (1) and (7), submitting affidavits of the Assistant Corrections Administrator of the Sheriff's Department, incident reports and other materials indicating that petitioner had missed lineups and was late reporting to duty on eight specified dates and had made a personal phone call in excess of one hour while on duty. Petitioner opposed the motion and cross-moved for disclosure. Supreme Court dismissed the petition and this appeal by petitioner ensued.

The judgment should be modified. Initially, we note that respondents' preanswer motion sought dismissal of the petition pursuant to CPLR 3211 (a) (1) and (7) and it appears from the record that Supreme Court may have treated the motion as one for summary judgment pursuant to CPLR 3212. We conclude, however, that it was error to do so without converting the motion to dismiss to a motion for summary judgment with "adequate notice to the parties" (CPLR 3211 [c]; *see, Mihlovan v Grozavu,* 72 NY2d 506, 508).

We further find that petitioner did allege a claim for violation of a Department of Civil Service regulation and a similar County rule that required notification to petitioner of his status and progress during the probationary term, as well as one-week notice prior to termination *(see,* 4 NYCRR 4.5 [b] [5] [iii]).* Petitioner stated that respondents failed to periodically advise him of his status and progress during his probationary term and that he was informed by letter dated November 3, 1989 of his termination effective the next day. Therefore, petitioner sufficiently alleged a claim for violation of the regulatory notice requirements.

Petitioner did, however, fail to allege a claim of bad faith inasmuch as the claim is based solely on conclusions which are unsupported by factual allegations *(see, Sterritt v Heins Equip. Co.,* 114 AD2d 616, 617) and evidence in the record of petitioner's unsatisfactory performance establishes that the termination was made in good faith *(see, Matter of Johnson v Katz,* 116 AD2d 930, 931, *affd* 68 NY2d 649).

Weiss, Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion with regard to petitioner's cause of action for alleged violations of 4 NYCRR 4.5 (b) (5) (iii) and rule XIII (5) of the Dutchess County

---

* Formerly 4 NYCRR (a) (5) (iii).

Rules for Classified Service; motion denied to that extent; and, as so modified, affirmed.