■ In the Matter of Sandra A. Cleary, Appellant, v New York State Department of Education, Respondent. [659 NYS2d 573] —Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 11, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

In April 1994, petitioner was appointed by respondent to the position of Associate in Education Improvement Services. Her appointment was subject to a probationary period of 12 to 78 weeks. On June 1, 1995, petitioner was notified that her services were being terminated due to problems involving compensatory pay and travel accounts as well as misrepresentations in her employment history. Upon review of the matter, respondent's Deputy Commissioner declined to reinstate her. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul respondent's determination to terminate her. Petitioner claims that she was a permanent employee and that respondent's decision to terminate her, without a hearing, violated Civil Service Law § 75, was arbitrary and capricious and was made in bad faith. Respondent answered and raised an objection in point of law that the petition failed to state a cause of action. Supreme Court dismissed the petition on that ground and petitioner now appeals.

We affirm. We agree with Supreme Court that the record does not support a finding that petitioner was a permanent employee. A probationary employee's appointment becomes permanent either after the completion of the probationer's maximum period of service or upon earlier written notice following the completion of the minimum period of probation (*see*, 4 NYCRR 4.5 [b] [5] [i]). At the time of her termination,

petitioner had not yet reached her maximum period of service, 78 weeks, and did not receive written notice that she was to receive permanent status. We reject petitioner's claim that her status became permanent when Gilbert Cox, her immediate supervisor, initially recommended on a July 1994 probationary evaluation report that she be permanently retained. The record reveals that the decision to permanently retain an employee belonged to the Associate Commissioner in the New York City Office of School and Community Services, who personally reviewed petitioner's probationary evaluation report and notified petitioner that she would continue under probation. Accordingly, petitioner was a probationary employee and was not entitled to a hearing upon termination.

We also agree with Supreme Court that petitioner has failed to demonstrate that her dismissal was made in bad faith (see, Matter of Johnson v Katz, 68 NY2d 649, 650). The letter notifying petitioner of her termination, which cited petitioner's failure to resolve outstanding travel accounts, her improper conduct in attempting to claim compensatory time and misstatements she had made regarding her employment history, was sufficient to establish respondent's good faith in terminating her, despite petitioner's efforts to refute these allegations (see, id.). Nor do we find that petitioner is entitled to a name-clearing hearing absent any showing that respondent made a public disclosure of stigmatizing reasons for the discharge (see, Matter of Lentlie v Egan, 61 NY2d 874, 875-876).

We have examined petitioner's remaining contention regarding Supreme Court's treatment of respondent's answer as a motion to dismiss and find it to be without merit.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.