■ In the Matter of BRADLEY HIGGINS, Appellant, v MICHAEL LA PAGLIA, as Sheriff of the Ulster County Sheriff's Department, et al., Respondents. [722 NYS2d 592] —Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 20, 1999 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Ulster County Sheriff terminating petitioner's employment as a correction officer with respondent Ulster County Sheriff's Department.

Petitioner was hired as a probationary correction officer by respondent Ulster County Sheriff's Department on July 28, 1997. He was terminated effective July 28, 1998 by notice dated July 20, 1998 and mailed to him. He filed a grievance on July 24, 1998 and instituted this CPLR article 78 proceeding in November 1998 to annul the determination terminating his employment. Supreme Court dismissed the petition, without a hearing, and this appeal ensued.

Petitioner first asserts that his probationary status had ended and he could not be terminated except pursuant to Civil Service Law § 75. This claim is premised on his contention that the Ulster County Employees' Handbook furnished to him upon employment defined the probationary term as being a minimum of eight weeks and a maximum of 26 weeks. This argument lacks merit since that provision of the handbook contravenes rule XIV (1) (c) of the Ulster County Civil Service Rules and Regulations, which defines a probationary term as at least 12 weeks but not more than 52 weeks. When a county civil service commission, possessing the requisite authority, promulgates a rule establishing the length of a probationary term of service, that rule has the effect of law (*see, Matter of Gordon v Town of Queensbury*, 256 AD2d 784, 785-786) and absent any claim on petitioner's behalf that the Ulster County Civil Ser-

vice Commission delegated this authority, the provision of the handbook must yield to the rule promulgated by the Commission (see, Matter of Colao v Village of Ellenville, 223 AD2d 792, 793, lv dismissed and denied 87 NY2d 1041).

As a probationary employee, therefore, petitioner could be terminated without a hearing unless he proffered sufficient evidence to create a question of fact as to whether his discharge was unrelated to work performance, motivated by a constitutionally impermissible purpose or made in bad faith (see, Matter of Scott v Workers' Compensation Bd., 275 AD2d 877; Matter of Gordon v Town of Queensbury, supra, at 785; Matter of Van Dyke v New York State Dept. of Educ., 144 AD2d 85, 87, lv denied 74 NY2d 607). Supreme Court determined that no hearing was necessary since the record contained evidence of unsatisfactory performance which alone provided a rational basis for termination. We believe this record contains sufficient evidence offered by petitioner to entitle him to a hearing.

Petitioner's job performance was evaluated after six months and after 11 months. The first evaluation, dated January 29, 1998, resulted in his receiving a "fair" overall rating. The evaluator noted that petitioner needed to attend the correction officer academy for training as soon as possible and that despite noted shortcomings, he possessed the potential to develop into a good correction officer.

The record contains four evaluation reports at the end of 11 months. The first, dated July 8, 1998, concluded that petitioner demonstrated "success" in each of the five categories of job performance, was "successful" in his overall performance and was "fully capable" of being promoted into a position of greater responsibility. The second of these reports* is the most critical. It refers to the report made in January 1998 and states that petitioner's "performance has not improved," that he is not committed to the goals and mission of the Sheriff's Department and is not a member of the team. The conclusions of the January 1998 report, however, were not amended. The third report, dated July 14, 1998, was similar to the July 8, 1998 report, except that petitioner's overall performance was described as "fair" instead of "successful." The fourth report, also dated July 14, 1998, indicated that petitioner was successful in each of the five job performance categories and fully capable of being promoted to a position of greater responsibility and that his performance continued to be satisfactory.

---

* This report lists Corporal Kathleen Polagye as the rater and Sergeant Louis Russo as the senior rater. Russo was the president of respondent Ulster County Sheriff's Employees Association.

These conflicting evaluations, coupled with petitioner's allegations that he was not afforded academy training as were other newly hired correction officers, that he was kept on the midnight to 8:00 A.M. shift for the first 10 months of his employment, thereby limiting his experience, and that he received no in-house training or guidance, suffice to entitle him to an evidentiary hearing as to whether his discharge was unrelated to work performance or made in bad faith. Terminating his employment for failure to meet standards when he has been denied training concerning those standards suggests the lack of a rational basis for termination. Accordingly, the matter must be remitted to Supreme Court for an evidentiary hearing on this issue.

Next, with respect to petitioner's age discrimination claim, we note that he was hired at age 41 and terminated at age 42. This claim was properly dismissed by Supreme Court since petitioner's conclusory assertions are manifestly insufficient to establish a prima facie case of discrimination based on age (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629).

Likewise, Supreme Court properly dismissed petitioner's claim that his union breached its duty of fair representation. "In order to establish a claim for breach of the duty of fair representation against a union, there must be a showing that the activity, or lack thereof, which formed the basis of the charges against the union was deliberately invidious, arbitrary or founded in bad faith [citations omitted]" (*Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.*, 132 AD2d 430, 432, *affd* 73 NY2d 796). Petitioner's argument is that the union knew or should have known that he was not afforded adequate training and failed to act to remedy this problem. The record contains no evidence that the union had such knowledge and, even if we were to assume that it did, the mere failure of the union to act with respect to the lack of training would not establish a breach of the duty of fair representation (*see, Kleinmann v Bach*, 195 AD2d 736, 738). Additionally, the fact that the senior rater who gave petitioner his only unfavorable evaluation was also president of petitioner's union lends no support to petitioner's claim, since the record further demonstrates that the senior rater only reluctantly agreed with the initial evaluation and preferred to see petitioner's probationary term extended to afford him the requisite training rather than terminate his employment.

Crew III and Rose, JJ., concur.

Mercure, J. P. (concurring in part and dissenting in part). We respectfully dissent. We agree with the majority that

petitioner was a probationary employee but, unlike the majority, conclude that petitioner failed to support his petition with competent evidence sufficient to raise a question of fact as to whether his discharge was unrelated to work performance or was motivated by a "constitutionally impermissible purpose, in violation of applicable law or made in bad faith" (*Matter of Scott v Workers' Compensation Bd.*, 275 AD2d 877; *see, Matter of Gordon v Town of Queensbury*, 256 AD2d 784, 785; *Matter of Van Dyke v New York State Dept. of Educ.*, 144 AD2d 85, 87, *lv denied* 74 NY2d 607). That being the case, and in view of respondents' evidentiary showing that petitioner's job performance was unsatisfactory, Supreme Court properly concluded that the discharge was made in good faith and dismissed the petition on that basis (*see, Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of Gordon v Town of Queensbury, supra*, at 786; *Matter of Cleary v New York State Dept. of Educ.*, 239 AD2d 649, 650; *Matter of Statom v County of Dutchess*, 175 AD2d 394, 395).

In our view, neither petitioner's conclusory allegations of discriminatory treatment, which the majority rejected in its consideration of petitioner's claim of age discrimination, nor the speculation of some superiors that inadequate training opportunities *may have* contributed to petitioner's poor job performance raise a genuine factual issue warranting a hearing (*cf., Matter of Kurey v New York State School for Deaf*, 227 AD2d 829, 831 [where a rule governing the petitioner's probationary employment imposed a specific burden on the employer to make an "offer of appropriate assistance"]).

Lahtinen, J., concurs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed, without a hearing, that portion of the petition which alleged that the termination of petitioner's employment was arbitrary, capricious and in bad faith; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.