■ In the Matter of LORETTA SILAS, Appellant, v COUNTY OF ULSTER et al., Respondents. [790 NYS2d 257]—

Rose, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 26, 2003 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's position with respondent Ulster County Mental Health Department.

Petitioner, employed as a Mental Health Specialist by respondent Ulster County Mental Health Department since 1994, was promoted, subject to her successful completion of a probationary period, to supervisor in November 2002. One week after receiving an evaluation in April 2003, in which her work performance was deemed in need of improvement in five categories, petitioner was informed that she had not successfully passed her probationary period and would be returned to her former position as of May 10, 2003. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondents' determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioner's argument that her probationary period was only 12 weeks long, thus granting her permanent status in her supervisory position in February 2003, making her evaluation untimely and rendering her termination improper. The record indicates that petitioner's probationary period was actually for 26 weeks in accordance with Ulster County Civil Service Rule XIV (1) (d). In this regard, petitioner's reliance on an apparently outdated departmental personnel

manual for the length of her probationary period, which itself refers to the civil service rules, is misplaced (*see Matter of Higgins v La Paglia*, 281 AD2d 679, 679-680 [2001], *appeal dismissed* 96 NY2d 854 [2001]; *Matter of Colao v Village of Ellenville*, 223 AD2d 792, 793 [1996], *lv dismissed and denied* 87 NY2d 1041 [1996]). Accordingly, petitioner was afforded a timely evaluation pursuant to the rules. Based on the foregoing, and in the absence of any evidence that petitioner was terminated in bad faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]), we conclude that Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.