Crew III, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

■ PAUL O. PHELPS, Appellant, v CORTLAND COUNTY et al., Respondents. [706 NYS2d 522] —Cardona, P. J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered April 26, 1999 in Cortland County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

In 1989, plaintiff was hired as a part-time patrol officer by defendant Cortland County Sheriff's Department and, in December 1993, obtained a full-time position. During his one-year probationary period, plaintiff worked with permanent officers while participating in a field training program. In December 1994, his employment with the Department was terminated.

Thereafter, plaintiff commenced this action against Cortland County, the Department and various individual police officers alleging that he was terminated in violation of Civil Service Law § 75-b and 42 USC § 1983. In particular, he alleged that defendants retaliated against him because he complained about Police Officer Brian Ayres drag racing in a patrol vehicle with another police officer and, furthermore, reported that Police Officer Todd Caufield attempted to coerce him to rewrite an arrest report following Caufield's alleged illegal detention of a suspect. Following depositions, plaintiff moved to compel the disclosure of certain police personnel records. Defendants, in turn, cross-moved for summary judgment and Supreme Court, *inter alia*, granted defendants' cross motion dismissing the complaint resulting in this appeal.

We affirm. Initially, we note that plaintiff challenges only the dismissal of his second cause of action under 42 USC § 1983. In support of that claim, he alleges that his actions in reporting the alleged misconduct of the officers were protected by the 1st Amendment of the US Constitution and his dismissal was in retaliation for the exercise of his rights thereunder. He further argues that defendants have a policy, practice and custom which punishes employees for reporting misconduct of other employees depriving him of his rights under 42 USC § 1983.

In support of their cross motion, defendants submitted, *inter alia*, the affidavits of defendants Sheriff and Undersheriff who averred that plaintiff was dismissed from his probationary position due to poor work performance and that they were unaware of plaintiff's complaints regarding the alleged drag racing and coercion by Caufield until *after* the decision had been made to terminate him. Although plaintiff submitted proof contending that he told senior officers about the subject misconduct at a gym, he did not offer any evidence that the information was conveyed by the officers to the superiors within the Department who terminated him. Thus, plaintiff failed to come forward with proof sufficient to raise a question of fact that his discharge was in retaliation for reporting the alleged misconduct of other officers. He further failed to demonstrate

the maintenance of a practice, policy or custom by defendants to punish employees who reported incidents of misconduct by other employees. Therefore, we find no error in Supreme Court's dismissal of plaintiff's second cause of action under 42 USC § 1983 (*see, Rigle v County of Onondaga*, 267 AD2d 1088). We have considered plaintiff's remaining contentions and find them to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.