■ In the Matter of SCOTT WEIR, Appellant, v STATE OF NEW YORK THRUWAY AUTHORITY et al., Respondents. [647 NYS2d 870] —Mercure, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered May 11, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondent New York State Thruway Authority terminating petitioner from his position as a laborer.

On November 4, 1993, petitioner was appointed by respondent New York State Thruway Authority to a permanent position as a laborer with its subsidiary, respondent New York State Canal Corporation. This appointment was subject to a one-year probationary term. Thereafter, petitioner received three probationary reports rating his overall job performance as satisfactory. However, on September 2, 1994 and September 12, 1994, several of petitioner's co-workers came forward and signed statements indicating that they had observed petitioner using marihuana during working hours. On October 5, 1994, petitioner's supervisor counseled him with respect to the complaints. Petitioner did not deny using marihuana but told his supervisor that he felt "very betrayed by several fellow employees". Upon the supervisor's recommendation, petitioner submitted to a urine test on October 21, 1994, which yielded a negative result for marihuana.

On November 1, 1994, respondents' Albany Division Director issued a memorandum concluding that the written statements attesting to petitioner's drug use were credible and recommended that petitioner's probationary employment be terminated. A letter to petitioner dated November 4, 1994 informed him that his probationary employment would terminate on November 16, 1994. Petitioner's final probationary report recommending dismissal noted the deterioration of his relations with co-workers and gave him a failing rating for "safety" work performance, noting that he had been counseled for smoking marihuana during work hours. Petitioner thereafter instituted this CPLR article 78 proceeding challenging his termination. Supreme Court dismissed the petition on the merits and this appeal followed.

We agree with Supreme Court that petitioner has failed to demonstrate that his dismissal was made in bad faith, arbitrary and capricious or due to otherwise illegal reasons (see, Matter of Kurey v New York State School for Deaf, 227 AD2d 829, 831; Matter of Berry v Perales, 195 AD2d 926, appeal dismissed 82 NY2d 802). As a probationary employee, petitioner could be dismissed without a hearing and without a statement of reasons, and the fact that he received some favorable evaluations during his probationary period does not constitute a showing of improper motivation sufficient to raise a triable issue of fact (see, Matter of York v McGuire, 99 AD2d 1023, affd 63 NY2d 760). Given the proof in the record, it cannot be said

that petitioner's discharge was in bad faith (*Matter of Guilbe v New York City Bd. of Educ.*, 193 AD2d 604, *lv denied* 82 NY2d 654).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.