■ In the Matter of MICHAEL GORDON, Appellant, v TOWN OF QUEENSBURY et al., Respondents. [681 NYS2d 406] —Crew III,

J. Appeal from a judgment of the Supreme Court (Dier, J.), entered August 11, 1997 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents which terminated petitioner's employment as a motor equipment operator.

Petitioner was employed as a motor equipment operator for respondent Town of Queensbury, located in Warren County, from August 21, 1996 to January 24, 1997 when, according to respondents, petitioner was discharged due to poor job performance. During this period petitioner, who was a probationary employee, was assigned to the Town's Highway Department and, insofar as is relevant to this appeal, was responsible for plowing and sanding operations on Town roads during the winter months. Following his dismissal, petitioner commenced this proceeding pursuant to CPLR article 78 contending, *inter alia*, that respondents terminated his employment in bad faith. Respondents answered and raised an objection in point of law that the petition failed to state a cause of action. Supreme Court dismissed petitioner's application and this appeal ensued.

It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons absent proof that such discharge was for a constitutionally impermissible reason, in violation of statutory or decisional law, or in bad faith (*see, Matter of York v McGuire*, 63 NY2d 760, 761; *Matter of Anonymous v Codd*, 40 NY2d 860; *Matter of Weir v State of N. Y. Thruway Auth.*, 231 AD2d 836, 837; *Matter of Beacham v Brown*, 215 AD2d 334, *lv denied* 87 NY2d 801). To that end, although a hearing may be required where the record as a whole is sufficient to raise a question of fact as to whether the dismissal was due to causes unrelated to work performance and/or improperly motivated, the petitioner bears the burden of presenting competent proof that such dismissal indeed was for an improper reason or in bad faith (*see, Matter of Beacham v Brown, supra*).

In support of his claim that he was discharged in bad faith, petitioner primarily relies upon respondents' alleged violation of rule XIV (5) of the Warren County Civil Service Rules, which requires, *inter alia*, that a probationer whose services are to be terminated for unsatisfactory performance receive written notice of such termination at least one week prior thereto. To be sure, a county civil service commission "is vested with the authority to establish rules for the conditions and extent of probationary service * * * which, when promulgated, have the

force and effect of law" (*Matter of Colao v Village of Ellenville*, 223 AD2d 792, 793, *lv dismissed, lv denied* 87 NY2d 1041 [citation omitted]), and a violation of such rules may be sufficient to trigger a trial on the issue of bad faith (*see, Matter of Pastore v City of Troy*, 152 AD2d 808). It is equally true, however, that the disciplinary procedures set forth in a collective bargaining agreement may be substituted for statutory procedures (*see, Matter of Millon v Coughlin*, 147 AD2d 765, 766, *lv denied* 74 NY2d 602), in which case an employee is "entitled to no more procedural protections than those expressly afforded him [or her] under the collective bargaining agreement" (*Matter of Robbins v Malone Cent. School Dist.*, 182 AD2d 890, 892, *appeal dismissed* 80 NY2d 825).

Based upon our review of the collective bargaining agreement entered into between the Town and petitioner's bargaining agent, the Civil Service Employees Association, we are persuaded that the provisions of such agreement governing the discipline and dismissal of probationary employees are controlling and, hence, respondents' alleged violation of any local civil service rules does not provide a basis for petitioner's claim of bad faith. Simply stated, the affidavits submitted by respondents detailing petitioner's poor job performance are sufficient to demonstrate that petitioner was discharged in good faith, despite petitioner's attempts to refute such allegations (*see, Matter of Cleary v New York State Dept. of Educ.*, 239 AD2d 649, 650). As petitioner failed to tender proof sufficient to raise a triable issue of fact in this regard, no hearing on respondents' motivation for dismissing petitioner was required. Accordingly, Supreme Court's judgment dismissing the petition is affirmed.

Mikoll, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.