■ In the Matter of MICHAEL SCOTT, Appellant, v WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK et al., Respondents. [713 NYS2d 571] —Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 3, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents which terminated petitioner's employment with respondent Workers' Compensation Board.

After passing a competitive civil service examination, petitioner was appointed by respondent Workers' Compensation Board to the position of "Compensation Claims Referee (Workers' Compensation Law Judge)" subject to a probationary period ranging from 26 to 52 weeks. Prior to the successful completion of his probationary period, however, petitioner was notified that his employment was being terminated due to unsatisfactory job performance ratings in five out of seven applicable categories on his final probationary evaluation. Claiming that the determination to terminate his employment was arbitrary, capricious and motivated by bad faith, petitioner commenced this CPLR article 78 proceeding seeking reinstatement, back pay and benefits. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Absent proof that his discharge was for a constitutionally impermissible purpose, in violation of applicable law or made in bad faith, petitioner, a probationary employee, was subject to dismissal from his employment without explanation or a hearing (*see, Matter of Swinton v Safir*, 93 NY2d 758, 763; *Matter of York v McGuire*, 63 NY2d 760, 761). Although a hearing may be required where there exists a substantial question as to whether the discharge was due to reasons unrelated to work performance, petitioner bears the burden of proof on this issue and must present competent proof that the dismissal was motivated by an improper purpose or

bad faith (see, *Matter of Gordon v Town of Queensbury*, 256 AD2d 784, 785; *Matter of Beacham v Brown*, 215 AD2d 334, *lv denied* 87 NY2d 801).

We agree with Supreme Court that petitioner failed to make a sufficient showing to warrant a hearing in this regard. As for petitioner's contention that respondents acted in bad faith by deviating from their own established internal procedures in evaluating his performance, the record reveals that respondents complied with the obligations to periodically advise petitioner of his progress after observing his conduct and to ultimately provide a written evaluation at least two weeks prior to the completion of the probationary period, as well as written notice at least one week prior to the effective date of his discharge (see, 4 NYCRR 4.5 [b] [5] [iii]). Contrary to petitioner's contention, the more favorable progress reports that he received prior to the final unfavorable evaluation were not required to be furnished in writing and did not raise a sufficient factual issue as to respondents' bad faith (see, *Matter of Weir v State of New York Thruway Auth.*, 231 AD2d 836, 837; *Matter of Tyner v Harvey*, 191 AD2d 924).

Moreover, petitioner's final probationary evaluation and the affidavits submitted by respondents reveal that petitioner's dismissal was based upon his inadequate understanding of the Workers' Compensation Law, his failure to respond to additional training to address this deficiency and his improper conduct in requesting transportation from attorneys and posing inappropriate questions to a witness. This evidence was sufficient to demonstrate that respondents' decision to discharge petitioner was not motivated by bad faith or an improper purpose, notwithstanding petitioner's unsubstantiated contention that the various attorney complaints about his behavior were solicited by respondents in order to conceal that the decision to terminate his employment was based upon personal bias and animosity (see, *Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of Cleary v New York State Dept. of Educ.*, 239 AD2d 649, 650). As petitioner has failed to allege any facts tending to establish that his termination was due to reasons unrelated to his job performance or was motivated by bad faith, the petition was properly dismissed without a hearing (see, *Matter of Gordon v Town of Queensbury*, supra; *Matter of Kurey v New York State School for Deaf*, 227 AD2d 829; *Matter of Colao v Village of Ellenville*, 223 AD2d 792, *lv dismissed in part and lv denied in part* 87 NY2d 1041; *Matter of Berry v Perales*, 195 AD2d 926, *lv denied* 82 NY2d 802).

Petitioner's remaining contentions have been examined and found to be lacking in merit.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.