■ In the Matter of TIMOTHY T. GARRITY, Appellant, v UNIVERSITY AT ALBANY et al., Respondents. [755 NYS2d 471] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered April 11, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent University at Albany terminating petitioner's probationary employment.

On May 8, 2001, petitioner was hired as a supervising pharmacist by respondent University at Albany (hereinafter the University) and began a six-month probationary period working in the University's Student Health Center Pharmacy. In the course of his employment, petitioner found deficiencies in the pharmacy's security and record keeping and, on July 13, 2001, he communicated his concerns to the University's Campus Police and three outside agencies, including the State Office of Professional Discipline. On July 16, 2001, he informed respondent Leslie Lawrence, his supervisor and Medical Director of the University Health Center, of his specific concern regarding deleted prescription records. Petitioner subsequently documented his various concerns to his superiors and learned that he, his superiors and a campus police officer would be meeting with investigators from the Office of Professional Discipline on July 27, 2001. On July 26, 2001, petitioner met with Lawrence and respondent Patricia Ford, Director of Operations at the Health Center, who informed him that he would be terminated unless he resigned. When he declined to resign, petitioner received his first performance evaluation. In it, Lawrence described the quality and quantity of petitioner's work as, respectively, outstanding and effective, but his attitude and personal traits as unsatisfactory due to his insubordination and failure to cooperate with others, and recommended his termination. Petitioner was then terminated effective August 2, 2001. The pharmacy deficiencies reported by petitioner were later confirmed by the Office of Professional Discipline and

reported to Lawrence for correction in a letter dated August 6, 2001.

Alleging that his termination was retaliatory, petitioner then instituted this CPLR article 78 proceeding to annul the University's determination and obtain reinstatement with back pay. In his petition, he also alleged a separate "whistleblower" claim under Civil Service Law § 75-b, as well as a violation of his First Amendment rights. Supreme Court dismissed the petition, deciding that no hearing was necessary because the record contained evidence of a separate and independent basis for termination in Lawrence's assertion that petitioner had purchased unauthorized pharmaceutical items. This appeal ensued. Upon our review of the record, however, we find that petitioner offered sufficient evidence to require a hearing.

As a probationary employee, petitioner may challenge his termination only by raising a question of fact as to whether his discharge was unrelated to his work performance, motivated by a constitutionally impermissible purpose or made in bad faith (*see Matter of Swinton v Safir*, 93 NY2d 758, 763; *Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 877; *Matter of Gordon v Town of Queensbury*, 256 AD2d 784, 785). Although, as Supreme Court noted, the record here contains Lawrence's allegations that petitioner failed to follow directions by ordering unauthorized pharmaceuticals and usurped Lawrence's authority by offering employment to an applicant for a pharmacist position, there is also evidence that petitioner obtained Lawrence's assent to ordering some items, other items complied with recent revisions to the pharmacy's formulary guideline, and petitioner did not actually offer employment to the applicant. In addition to denying respondents' stated reasons for termination, petitioner offers substantially different accounts of the incidents cited by Lawrence to establish his insubordination. For example, regarding a conversation between Lawrence and petitioner on either July 16 or July 18, 2001 concerning the ordering of birth control pills from a wholesaler, Lawrence averred that he specifically instructed petitioner not to order the pills, while petitioner averred that Lawrence agreed to the order subject to obtaining a reimbursement guarantee from the vendor. As to petitioner's ordering of non-formulary items, Lawrence stated that petitioner was told to order only formulary items, while petitioner denied such a direction and asserted that a change in the formulary guidelines had authorized his orders. In addition, there are conflicting affidavits of coworkers indicating both that working with petitioner was difficult and that he did

not have difficulty cooperating with others. These disputed factual issues turn primarily on the parties' credibility, and Supreme Court improperly resolved them as a matter of law, apparently discrediting petitioner's allegations simply because of his earlier unsworn and slightly inconsistent statement of the relevant events (*see Woodworth v American Ref-Fuel*, 295 AD2d 942, 943; *Kurth v Lawlor*, 183 AD2d 1060, 1062).

It also is significant that petitioner received no performance evaluation until his termination, that his termination coincided with the investigation triggered by his whistleblowing, and that there is no documentary evidence confirming respondents' allegation that insubordination and inability to work with others were reasons for termination contemplated before petitioner's whistleblowing. These factors, together with petitioner's sworn assertions, suffice to entitle him to an evidentiary hearing as to whether his discharge was made in bad faith or related to work performance (*see Matter of Higgins v La Paglia*, 281 AD2d 679, 680-681, *appeal dismissed* 96 NY2d 854).

As to dismissal of petitioner's other claims, we agree with Supreme Court that they would be defeated if respondents were to establish a good-faith basis for termination separate from petitioner's whistleblowing (*see Phelps v Cortland County*, 271 AD2d 909, 910-911; *Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, 245 AD2d 613, 615; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566, 568; *see also Heil v Santoro*, 147 F3d 103, 110). On the other hand, even if petitioner were to establish a bad-faith basis for his termination, his claim under Civil Service Law § 75-b could not succeed because his petition includes the assertion that he reported his concerns about the pharmacy to external authorities "the next day" after he communicated them to Lawrence and Ford. Clearly, this did not afford petitioner's superiors a reasonable time to investigate and correct the problems brought to their attention, which opportunity is a precondition to his statutory cause of action (*see* Civil Service Law § 75-b [2] [b]). Although petitioner also alleges that he previously told Lawrence of some problems "as they developed," the record does not establish when he first reported the specific deficiencies that he communicated to outside agencies on July 13, 2001. Thus, dismissal of his statutory claim was appropriate.

However, if petitioner were successful in establishing respondents' bad faith, no comparable infirmity would support dismissal of petitioner's claim of a deprivation of his First Amendment rights. As considered above, petitioner raised an issue of fact as to whether his statements to outside agencies,

or his alleged insubordination and lack of cooperation with others, were the motivating factors in his termination (*cf. Matter of Rigle v County of Onondaga*, 267 AD2d 1088, 1091, *lv denied* 94 NY2d 764). Thus, Supreme Court erred in dismissing this cause of action.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed, without a hearing, those portions of the petition which alleged that the termination of petitioner's employment was arbitrary, capricious and in bad faith, and deprived him of his First Amendment rights; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.