■ In the Matter of MED SULEMAN, Appellant, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, Respondent. [812 NYS2d 687]—

Kane, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 3, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner's employment.

Respondent hired petitioner as an excise tax investigator working undercover to root out terrorist financing schemes. While still a probationary employee, petitioner was involved in an out-of-state car accident while driving a state-owned vehicle. During the investigation of that incident, respondent discovered some discrepancies between petitioner's version and other evidence. About the same time, respondent began another investigation in response to the FBI's request for information regarding petitioner as that agency was considering deputizing him for joint operations. As a result of both investigations, which expanded as more questions arose, numerous discrepancies and inconsistencies were discovered in petitioner's personnel record, including his use of multiple names, two Social Security numbers, different birth dates, conflicting addresses for prior residences and conflicting information about his employment history.

Petitioner acknowledged many inaccuracies and outright false information provided to respondent and other government agencies, including false statements on numerous documents signed under penalty of perjury. Misstatements regarding his employment history called into question whether petitioner met the minimum qualifications for his position. Petitioner also avoided filing a state income tax return with respondent the year before he was hired by claiming a false out-of-state address, even though he worked in New York and should have filed on that basis alone. In connection with that error, he filed an inaccurate form validating his tax compliance. Based on the results of the investigations, respondent terminated petitioner's employment. Petitioner commenced this proceeding challenging his discharge. Supreme Court dismissed the petition, prompting petitioner's appeal.

We affirm. As a probationary employee, petitioner is only entitled to a hearing on this challenge to his termination if he raises questions of fact regarding whether he was discharged for an impermissible reason, in violation of law or in bad faith (*see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of Garrity v University at Albany*, 301 AD2d 1015, 1016 [2003]; *Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 877-878 [2000]). Petitioner met his initial burden of establishing a prima facie case of discrimination through his

allegations that respondent discharged him in bad faith and for discriminatory reasons based on his Palestinian ancestry (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). The burden then shifted to respondent to rebut the presumption of discrimination by providing admissible evidence setting forth legitimate, nondiscriminatory reasons to support its employment decision (*see Forrest v Jewish Guild for the Blind, supra* at 305; *Mete v New York State Off. of Mental Retardation & Dev. Disabilities*, 21 AD3d 288, 290 [2005]; *Hardy v General Elec. Co.*, 270 AD2d 700, 701 [2000], *lv denied* 95 NY2d 765 [2000]). Respondent easily met this burden through its detailed affidavits and investigative documents which provided substantial and significant reasons to remove petitioner from his position, namely his numerous false statements, submission of numerous false documents which may amount to criminal conduct, and the possibility that he was not qualified for his position and only obtained his job by supplying a false employment history.

Petitioner then bore the burden of proving "that the legitimate reasons proffered by [respondent] were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason" (*Forrest v Jewish Guild for the Blind, supra* at 305; *see Mete v New York State Off. of Mental Retardation & Dev. Disabilities, supra* at 290; *Hardy v General Elec. Co., supra* at 703). This he failed to do. In fact, petitioner did not even submit a reply to deny that he made myriad false statements to respondent and other government agencies as alleged in respondent's answer (*see* CPLR 7804 [d]; *see also Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 238 AD2d 704, 706 [1997]). Pretext is not established by evidence of prior favorable performance evaluations (*see Matter of Scott v Workers' Compensation Bd. of State of N.Y., supra* at 878; *Matter of Weir v State of N.Y. Thruway Auth.*, 231 AD2d 836, 837 [1996]; *see also Schwaller v Squire Sanders & Dempsey*, 249 AD2d 195, 197 [1998]), especially where, as here, the employee's job performance was never questioned. As petitioner failed to demonstrate that respondent's reasons for terminating him were a pretext, Supreme Court properly dismissed his petition.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.