In the Matter of MALIK SHABAZZ, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [879 NYS2d 832]—

Garry, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 9, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner's employment.

---

In February 2007, respondent hired petitioner as a chaplain on a probationary basis. In October 2007, several employees allegedly made observations regarding petitioner that were sufficient to establish a potential violation of respondent's employment rules. As a result of that incident, as well as an earlier episode noted by petitioner's supervisor, petitioner's employment was terminated. Petitioner then commenced this CPLR article 78 proceeding, asserting that respondent terminated him in bad faith. Supreme Court dismissed the petition and petitioner appeals.

We affirm. As a probationary employee, petitioner may only challenge his termination if he demonstrates that he was dismissed in bad faith or for an improper reason (*see Matter of Swinton v Safir*, 93 NY2d 758, 763 [1999]; *Matter of Suleman v State of N.Y. Dept. of Taxation & Fin.*, 27 AD3d 1040, 1041 [2006]; *Matter of Garrity v University at Albany*, 301 AD2d 1015, 1016 [2003]). No hearing or even a statement of reasons is required absent proof that the discharge was constitutionally impermissible or in violation of law. Petitioner bears the burden of submitting proof "sufficient to raise a question of fact as to whether the dismissal was due to causes unrelated to work performance and/or improperly motivated" (*Matter of Gordon v Town of Queensbury*, 256 AD2d 784, 785 [1998]). Here, respondent amply demonstrated that petitioner was dismissed due to the belief, supported by the statements of several employees and his supervisor, that there had been a potential violation of the rules of employment, and that this posed a security and safety risk. Petitioner asserts that those individuals were mistaken or lying and states that the prior allegation regarding his conduct was satisfactorily resolved. We, however, view these unsupported assertions as insufficient to call into question whether his dismissal was unrelated to his work performance or otherwise improper (*see Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 878 [2000]; *Matter of Kearney v Coughlin*, 110 AD2d 1011, 1012 [1985]). Nor are we persuaded that respondent was obliged to perform any manner of physical testing of petitioner. Respondent's employee handbook neither obligated respondent to require petitioner to undergo a fitness for duty examination nor allowed petitioner to demand such an examination.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.