Lynch, J.
Cross appeal from a judgment of the Supreme Court (McNamara, J.), entered March 16, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78 and 7503, among other things, converted the proceeding into a proceeding pursuant to CPLR 7511 to confirm an arbitration award.
Petitioner Norman Woods began working as a security services assistant 1 with respondent State University of New York (hereinafter SUNY) in 2001. In this capacity, he was a member of a bargaining unit represented by petitioner New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA). In March 2013, Woods received a notice of discipline issued in accordance with the collective bargaining agreement (hereinafter CBA) negotiated by and between respondents and NYSCOPBA. In October 2013, following an arbitration held pursuant to the CBA, an arbitrator issued an award wherein he determined that Woods was guilty of four of the five asserted charges and imposed a penalty of a fine and, as relevant here, “a one (1) year probation period.” In June 2014, on the same day that his supervisor issued Woods a negative “final” probationary evaluation, SUNY’s *1323 director of human resources wrote to advise that Woods’ “disciplinary probationary appointment” at SUNY was terminated. NYSCOPBA filed a grievance to challenge the June 2014 termination. In response, SUNY’s director of employee relations wrote to NYSCOPBA to advise that Woods was not disciplined and “returned” the grievance. Petitioners commenced this proceeding seeking to compel arbitration pursuant to CPLR 7503, or, alternatively, to vacate and annul the termination pursuant to CPLR article 78. Supreme Court converted the proceeding to one seeking to confirm the award pursuant to CPLR 7511 and directed the parties to seek clarification of the October 2013 arbitration award. Both parties now appeal.
As a general rule, public policy favors the resolution of labor disputes through arbitration (see Matter of Town of Haverstraw [Rockland County Patrolmen’s Benevolent Assn.], 65 NY2d 677, 678 [1985]). That is not to say that every dispute is arbitrable; rather, on a petition to compel arbitration, we consider “two distinct inquiries,” first, whether arbitration of the issue is authorized by the Taylor Law and is permitted as a matter of public policy, and, second, whether the parties agreed in the CBA to submit the issue to arbitration (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138 [1999]; see Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 355 [1980]).
Initially, we reject respondents’ argument that Woods waived the right to pursue arbitration of the issue presented. Although such right may be waived (see Matter of Campbell [State of New York], 37 AD3d 993, 994 [2007]), here, Woods was not a party to a last chance agreement with a clear and unequivocal waiver negotiated to resolve pending disciplinary charges. Rather, we are faced with the dismissal of a probationary employee with nearly 12 years of service in the bargaining unit (icompare id.). There is no apparent question that, generally, arbitration of an employee’s dismissal from service with a public employer is authorized by the Taylor Law and not against public policy (see Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d at 355; Board of Educ., Mt. Sinai Union Free School Dist. v New York State United Teachers, 51 NY2d 994, 996 [1980]). Nor do respondents claim that the CBA includes an arbitration clause that prohibits or limits an arbitrator’s authority to consider the issue.* Instead, respondents contend that by virtue of the October 2013 arbitra *1324 tion award, Woods was a probationary employee, and the parties did not agree to arbitrate issues regarding the termination of probationary employees. The issue presented is thus focused on the second “distinct inquir[y],” and our role is to determine whether there is a “reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA” (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 138, 143).
Here, the CBA provides that “[discipline shall be imposed upon employees otherwise subject to the provisions of Sections 75 and 76 of the Civil Service Law only pursuant to this Article, and the procedure and remedies herein provided shall apply in lieu of the procedure and remedies prescribed by such sections of the Civil Service Law which shall not apply to employees.” Further, it defines “discipline” as including “dismissal from service” and provides that “[discipline shall be imposed only for just cause.” We are mindful that one of the referenced statutes provides that certain employees in the classified civil service who have completed a probationary period of employment may not be disciplined “except for incompetency or misconduct shown after a hearing upon stated charges” (Civil Service Law § 75 [1]). Contrary to respondents’ interpretation, we do not find that the cited provision of the CBA unambiguously excludes Woods from its coverage. Indeed, it can be read to wholly supplant the referenced provisions of the Civil Service Law and to require a demonstration of “just cause” to discipline any employee in the bargaining unit. While the dissent has concluded that Woods was not disciplined, it is for an arbitrator to interpret and apply the CBA, and we do not have authority to consider the merits of the argument (see Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 142; Matter of Massena Cent. School Dist. [Massena Confederated School Employees’ Assn., NYSUT, AFL-CIO], 64 AD3d 859, 864 [2009]). Since the CBA provision is ambiguous, an arbitrator must decide whether it governs Woods’ dismissal from service, and Supreme Court should have granted the petition to compel arbitration (see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; Board of Educ., Mt. Sinai Union Free *1325 School Dist. v New York State United Teachers, 51 NY2d at 996; Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d at 355; Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314-315 [1980]). In light of this determination, we decline to consider the parties’ remaining contentions.
Peters, P.J., and Aarons, J., concur.

 The record before the Court includes only article 8 of the CBA, the substantive provision applicable to discipline. We do not construe article 8 as *1324 limiting the arbitrator’s authority to interpret the CBA. Rather, the provision evinces the parties’ intent to submit issues regarding discipline to arbitration (compare Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859, 860 [2005]).