*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                521626
_____

In the Matter of WILLIAM A.
   HANSON,
                    Appellant,

      v
                                      MEMORANDUM AND ORDER
DANIEL R. CRANDELL, as
   Commissioner of the Schoharie
   County Department of Public
   Works, et al.,
                    Respondents.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                    _____


      Mark Singletary, Jefferson, for appellant.

      Roemer Wallens Gold & Mineaux LLP, Albany (Earl T. Redding
of counsel), for respondents.

                    _____


Egan Jr., J.

      Appeal from a judgment of the Supreme Court (Connolly, J.),
entered June 4, 2015 in Schoharie County, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to CPLR article 78, to review a determination of
respondent Commissioner of the Schoharie County Department of
Public Works terminating petitioner's employment.

      Petitioner previously was employed by respondent County of
Schoharie in the noncompetitive class position of Lead Cleaner in
its Department of Public Works from February 22, 2011 until
December 24, 2012.  Prior to the County defunding that position

in December 2012, petitioner applied for and accepted a new position with the County — Mechanical Equipment Operator I (hereinafter MEO) — effective December 24, 2012.  The MEO position with the Department of Public Works also was a noncompetitive class position and, as such, petitioner was subject to a probationary period of not less than eight weeks nor more than 52 weeks as per the County's civil service rules.

In early 2013, petitioner received, reviewed and signed an interim probationary report.[1]  The report indicated that petitioner's job performance was satisfactory and recommended that petitioner's probationary status be continued.  Notably, this interim report expressly stated that petitioner's probationary period was set to expire on December 23, 2013.  On or about December 19, 2013, petitioner was provided with a final probationary report,[2] which indicated that his performance was unsatisfactory and recommended that he be terminated from the MEO position.  The following day, petitioner was informed by respondent Commissioner of the Schoharie County Department of Public Works that his employment was terminated effective December 21, 2013.  The union representing petitioner then filed two grievances upon his behalf — contending that petitioner was improperly denied an exit interview and that his termination was without just cause.  The County's Board of Supervisors denied both grievances, and a subsequent demand to arbitrate those grievances was withdrawn.

Thereafter, in April 2014, petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination — alleging that his discharge was in bad faith, constituted an abuse of the Commissioner's discretion and was arbitrary and

---

[1]  The report itself is dated March 25, 2013, but it was not signed by respondent Commissioner of the Schoharie County Department of Public Works — and, presumably, petitioner — until May 10, 2013.

[2]  The report is dated December 2, 2013 and appears to have been signed by the Commissioner and petitioner on December 19, 2013.

capricious.  Respondents successfully moved to dismiss the petition for failure to state a cause of action, but Supreme Court granted petitioner's subsequent motion to reargue, denied the motion to dismiss and directed respondents to file an answer. Following joinder of issue, Supreme Court, among other things, dismissed petitioner's application, finding — insofar as is relevant here — that petitioner failed to demonstrate that the Commissioner acted arbitrarily or in bad faith.  This appeal by petitioner ensued.

We affirm.  Petitioner's primary argument on appeal is that Supreme Court erred in concluding that he was a probationary employee at the time of his discharge.  To the extent that this argument is properly before us, petitioner's assertion in this regard is belied by, among other things, his verified petition, wherein he admitted that, upon accepting the MEO position, he was placed on probation for a period of 52 weeks — with said probationary period to expire on December 23, 2013.[3] Petitioner's present claim — that he was a tenured employee at the time of his discharge — is further refuted by the March 2013 interim probationary report that was reviewed and signed by petitioner, which, as noted previously, expressly states that petitioner's probationary period would expire on December 23, 2013.  Finally, in support of their motion to dismiss, respondents tendered the affidavit of the County's deputy personnel officer, who averred that petitioner was on probationary status at the time of his discharge.  Accordingly, Supreme Court properly concluded that petitioner was a probationary employee at the time of his discharge.

Petitioner's related claim — that his probationary period was improperly extended after the initial eight-week period — is equally unavailing.  Schoharie County Civil Service Rule XIII (1) (a) provides, in relevant part, that "every permanent appointment to a position in the non-competitive . . . class shall be for a probationary term of not less than eight nor more than [52]

_____

[3]   The petition contains a typographical error and mistakenly recites that petitioner's probationary period was to expire on December 23, 2014.

weeks." Rule XIII (1) (e) further provides that "[a]n appointment shall become permanent upon the retention of the probationer after his/her completion of the maximum period of probation or upon earlier written notice following completion of the minimum period of probation that his/her probationary term is successfully completed." There is no dispute that the MEO position constituted a noncompetitive class appointment and, hence, petitioner clearly was subject to a probationary period ranging from eight to 52 weeks in length. As petitioner was discharged before the end of his probationary period, and as nothing in the record suggests that petitioner was provided with written notice that his probationary period had been successfully completed prior to December 23, 2013, we find no merit to petitioner's claims that his probationary period was improperly calculated/extended or that he otherwise became a tenured employee prior to his termination from the MEO position.[4]

Turning to the discharge itself, "[a] probationary employee may be dismissed for almost any reason, or for no reason at all, and the employee has no right to challenge the termination in a hearing or otherwise, absent a showing that he or she was dismissed in bad faith or for an improper or impermissible reason" (Wilson v City of New York, 100 AD3d 453, 453 [2012], citing Matter of Swinton v Safir, 93 NY2d 758, 762-763 [1999]; see Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d 1253, 1254 [2009]; Matter of Martinez v State Univ. of N.Y., 294 AD2d 650, 651 [2002]). Consistent with the provisions of Rule XIII (1), a probationary employee may be terminated for unsatisfactory performance "at any time after the completion of the minimum period of probation, and on or before completion of the maximum period of probation in the manner as prescribed" therein. To that end, Rule XIII (5) provides that

_____

[4] To the extent that petitioner argues that he was transferred to the MEO position and, therefore, acquired certain procedural rights with respect thereto, this argument lacks merit. The affidavit provided by the County's deputy personnel director makes clear that the transfer provisions embodied in the County's civil service rules apply only to competitive class appointments.

"[a] probationer whose services are to be terminated for unsatisfactory service shall be given written notice prior to such termination and, upon request, shall be granted an interview with the appointing authority or his/her representative." Additionally, the probationary employee's supervisor is required to "carefully observe" such employee's conduct and, "from time to time during the probationary term," to advise the employee of his or her status and progress (Schoharie County Civil Service Rule XIII [5]). Finally, "at least two weeks prior to the end of the probationary term," the employee's supervisor must report on such employee's progress to the appointing authority (Schoharie County Civil Service Rule XIII [5]).

Here, petitioner was provided with an interim probationary report in early 2013, at which time he was advised of both his progress and continued probationary status. Prior to the expiration of his probationary term on December 23, 2013, petitioner was provided with written notice of his termination for unsatisfactory job performance, and petitioner thereafter requested – and was granted – an exit interview. Accordingly, we are satisfied that the Commissioner complied with the County's civil service rules governing the evaluation and termination of probationary employees with respect to petitioner, and our further review of the record otherwise fails to disclose any evidence of bad faith or an improper or impermissible reason for petitioner's discharge. Finally, inasmuch as petitioner had not attained more than one year of continuous, full-time service in the MEO position at the time of his discharge, he could not avail himself of the discipline-for-just-cause provisions of the collective bargaining agreement between the County and his bargaining representative. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court