Lynch, J.
Cross appeal (upon remittal from the Court of Appeals) from a judgment of the Supreme Court (McNamara, J.), entered March 16, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78 and 7503, among other things, converted the proceeding into a proceeding pursuant to CPLR 7511 to confirm an arbitration award.
Petitioner Norman Woods was employed by respondent State University of New York (hereinafter SUNY) and was a member of a bargaining unit represented by petitioner New York State Correctional Officers and Police Benevolent Association, Inc. In 2013, Woods was placed on probation following an arbitration conducted pursuant to a collective bargaining agreement. In 2014, SUNY summarily terminated Woods from his probationary position following a negative performance evaluation. Petitioners commenced this proceeding seeking to compel arbitration pursuant to CPLR 7503 or, alternatively, to vacate and annul the termination determination pursuant to CPLR article 78. Supreme Court converted the proceeding to an application to confirm the 2013 arbitration award and directed the parties to seek clarification of the award. On appeal, this Court, with two justices dissenting, reversed and granted the petition to compel arbitration (139 AD3d 1322 [2016]). The Court of Appeals thereafter reversed this Court’s order and remitted the matter “for consideration of issues raised but not determined on the appeal” (28 NY3d 1140, 1141 [2017]).
Initially, the parties agree, and we concur, that Supreme Court erred in treating the petition as an application to confirm the 2013 award and remitting the matter to the arbitrator for clarification. “[A]n arbitrator’s authority extends to only those issues that are actually presented by the parties. Thus, an arbitrator may not reconsider an award — regardless of whether *1359 the request is couched as a clarification or modification — if the matter was not previously raised in arbitration” (Matter of Joan Hansen & Co., Inc. v Everlast World’s Boxing Headquarters Corp., 13 NY3d 168, 173 [2009] [citations omitted]). Here, at the commencement of the 2013 arbitration, the parties stipulated to allow the arbitrator to decide whether Woods was guilty of the past misconduct as alleged and, if so, what the appropriate penalty should have been. The arbitrator was not asked to interpret any term in the contract or make a ruling that would define or affect the employer/employee relationship going forward. No party sought to modify, confirm or vacate the award after it was issued (see CPLR 7509, 7511). Rather, petitioners sought an order to compel respondents to arbitrate the 2014 termination. Accordingly, Supreme Court should not have remitted the issue for resolution by the arbitrator who decided the 2013 disciplinary action.
Next, petitioners allege that respondents acted in bad faith when they decided to terminate Woods’ employment. A probationary employee may challenge a termination only by demonstrating that the dismissal was in bad faith or done for an improper reason (see Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]; Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d 1253, 1254 [2009]). As such, a probationary employee is not necessarily entitled to a hearing or even an explanation unless there is proof that the discharge was unconstitutional or violated the law (see Matter of Hanson v Crandell, 141 AD3d 982, 985 [2016]; Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d at 1254). In order to successfully challenge his termination, petitioner was required to submit “proof sufficient to raise a question of fact as to whether the dismissal was due to causes unrelated to work performance and/or improperly motivated” (Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d at 1254 [internal quotation marks and citation omitted]). Petitioners did not offer such proof here (see id.; Matter of Scott v Workers’ Compensation Bd. of State of N.Y., 275 AD2d 877, 878 [2000]). Moreover, respondents’ submissions, which are not disputed, confirm that Woods was terminated for a valid reason, that is, poor work performance (see Matter of Davis v New York State Div. of Military & Nav. Affairs, 291 AD2d 778, 779 [2002]). Accordingly, we find that Supreme Court should have dismissed petitioners’ second cause of action (see Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d at 1254; Matter of Mahoney v Mills, 29 AD3d 1043, 1045 [2006], lv denied 7 NY3d 708 [2006]).
Peters, P.J., Rose and Aarons, JJ., concur.
Ordered that the *1360 judgment is reversed, on the law, without costs, and petition dismissed.