■ In the Matter of KEVIN MESSENGER, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [58 NYS3d 680]—

Clark, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered January 7, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision terminating petitioner's probationary appointment and demoting him to his former position.

On October 17, 2014, nearly nine weeks after petitioner was promoted to the rank of correction lieutenant and began a 52-week probationary period at Franklin Correctional Facility, respondent Department of Corrections and Community Supervision (hereinafter DOCCS) notified petitioner by letter that, effective October 24, 2014, he would be demoted to his former position of correction sergeant "for failure to satisfactorily complete [his] probationary period" (*see* 4 NYCRR 4.5 [a], [b] [5] [iii]; Dept of Corr & Community Supervision Directive No. 2219 [II] [C] [4]). Petitioner thereafter initiated this CPLR article 78 proceeding challenging the termination of his probationary appointment and seeking reinstatement to the position of correction lieutenant with full back pay. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. An employee's probationary appointment may be terminated without a hearing for any reason or no reason at all, so long as the termination was not "in bad faith or for an improper or impermissible reason" (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *see Matter of Bombard v State of*

*New York*, 113 AD3d 954, 955 [2014]; *Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650, 651 [2002]). To warrant a hearing, the employee bears the burden of raising a material issue of fact as to whether the termination was made in bad faith or for an impermissible reason; allegations of a conclusory or speculative nature are insufficient to meet this burden (*see Matter of Petkewicz v Allers*, 137 AD3d 1045, 1046 [2016]; *Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [2006]; *Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 877-878 [2000]).

Here, petitioner's submissions were insufficient to raise a material issue of fact as to whether his discharge from the probationary position of correction lieutenant was made in bad faith or based on an improper or impermissible motive. In answer to the petition, respondents submitted, among other things, the affidavit of the Personnel Director of DOCCS (hereinafter the Director), which established that the decision to terminate petitioner's probationary promotion was made in good faith. The Director stated that he decided to terminate petitioner's promotion after reviewing the report that resulted from an independent investigation—conducted by the DOCCS Office of the Inspector General—into a January 2014 incident in which staff members allegedly assaulted and threatened an inmate that a weapon would be planted among his personal property if he did not provide information as to the perpetrator of a certain act. Although insufficient evidence was found to substantiate the assault allegation, the investigative report concluded that the most credible version of events pointed to petitioner having observed and/or participated in threatening the particular inmate and then denying such observation or participation. The Director asserted that, while a separate investigative report conducted by a lieutenant at Franklin Correctional Facility reached a different conclusion, he found the investigative report of the Inspector General to be "more persuasive" and based his discretionary decision to demote petitioner entirely on the conclusions in this report.

Furthermore, as found by Supreme Court, petitioner's allegations of bad faith were too conclusory and speculative to warrant a hearing on the matter. Petitioner speculates, without evidentiary support, that the Director waited to demote him to his former position until just after he completed the eighth week of his probationary period—the minimum probationary service period—to avoid having to establish under Civil Service Law § 75 that the demotion was based on incompetence or misconduct (*see Matter of Vaillancourt v New York State Liq.*

*Auth.*, 153 AD2d 531, 534 [1989], *affd* 75 NY2d 889 [1990]). While the underlying incident occurred before petitioner received the promotion, the actions of an employee prior to the commencement of a probationary period may properly form the basis for termination of a probationary promotion (*see Matter of Anonymous v Codd*, 40 NY2d 860, 861 [1976]; *Matter of Smith v Kingsboro Psychiatric Ctr. [KPC]*, 35 AD3d 751, 752 [2006]). In addition, despite that the investigative report of the Inspector General was completed shortly after petitioner began his probationary period, there is no indication in the record as to when the Director received and reviewed this report, and he stated that he "did not want to make any decision . . . until the matter had been fully investigated." Further, there is no evidentiary support for petitioner's bald allegation that the demotion was intended to punish him, without the need for a disciplinary hearing.

In sum, the evidence supports the conclusion that the termination of petitioner's probationary position was made in good faith, and petitioner's submissions failed to raise a material issue of fact as to whether the discharge was actually made in bad faith or for an impermissible reason (*see Matter of Petkewicz v Allers*, 137 AD3d at 1046; *Matter of Conboy v Felton*, 68 AD3d 1601, 1602 [2009]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.