Matter of Solomon v New York State Off. of Children & Family Servs. (2019 NY Slip Op 01692)





Matter of Solomon v New York State Off. of Children & Family Servs.


2019 NY Slip Op 01692


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526172

[*1]In the Matter of PAUL SOLOMON, Appellant,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Paul Solomon, Woodstock, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered May 22, 2017 in Ulster County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner's probationary employment.
In December 2014, respondent appointed petitioner to the role of Youth Counselor I at Highland Residential Center, subject to a one-year probationary period. Petitioner's employment, however, was terminated in November 2015. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to, among other things, annul respondent's determination to terminate his employment. After respondent answered, petitioner moved to amend the petition. Supreme Court granted the motion to amend but ultimately dismissed the amended petition. Petitioner now appeals. We affirm.
A probationary employee, such as petitioner, has no right to challenge his or her termination of employment absent a showing that the dismissal was done in bad faith or for an improper reason (see Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]; Matter of Hanson v Crandrell, 141 AD3d 982, 985 [2016]; Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d 1253, 1254 [2009]). Petitioner bears the burden of establishing that his "dismissal was due to causes unrelated to work performance and/or improperly motivated" (Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d at 1254 [internal quotation marks and citation omitted]). Conclusory or speculative allegations do not suffice to meet this burden (see Matter of Messenger v State of New York Dept. of Corr. & Community Supervision, 151 AD3d 1433, 1434 [2017]).
The record discloses that petitioner violated the facility's policy by leaving razors in an unsecured drawer notwithstanding the fact that he was aware that they had to be secured. Petitioner was also found to violate proper protocol when he failed to document an incident when residents engaged in prohibited horseplay and failed to counsel them after such incident. In a performance evaluation, petitioner was rated unsatisfactory in four out of five categories. In our view, such evidence of petitioner's unsatisfactory performance, in addition to evidence of minor infractions committed by petitioner, shows that his termination was made in good faith (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]; Matter of Conboy v Felton, 68 AD3d 1601, 1602 [2009]; Matter of Rosenberg v Wickham, 36 AD2d 881, 882 [1971]). Furthermore, the fact that petitioner received some favorable recommendations does not constitute a showing of improper motivation or bad faith by respondent (see Matter of Weir v State of N.Y. Thruway Auth., 231 AD2d 836, 837 [1996]). Inasmuch as petitioner failed to tender sufficient evidence showing that his termination was due to improper reasons or done in bad faith, we find that Supreme Court correctly dismissed the petition. Petitioner's remaining contentions, to the extent not specifically discussed herein, have been examined and are without merit.
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.