Matter of Civil Serv. Employees Assn., Local 1000, AFSCME AFL-CIO v New York State Off. of Children & Family Servs. (2019 NY Slip Op 05744)





Matter of Civil Serv. Employees Assn., Local 1000, AFSCME AFL-CIO v New York State Off. of Children & Family Servs.


2019 NY Slip Op 05744


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527717

[*1]In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 1000, AFSCME AFL-CIO, et al., Appellants,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Sussman and Associates, Goshen (Michael H. Sussman of counsel), for appellants.
Letitia James, Attorney General, Albany (Joseph Spadola of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Northrup Jr., J.), entered April 13, 2018 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner Jarred Sansky's probationary employment.
On September 25, 2014, respondent appointed petitioner Jarred Sansky to the position of Cadet Leader 1 [FN1] — a noncompetitive class position carrying a grade 9 salary — on a permanent basis, subject to a 52-week probationary period set to expire on September 24, 2015 (see Civil Service Law § 63 [1]; 4 NYCRR 4.5 [b] [1]). On August 20, 2015, roughly five weeks before the expiration of his maximum probationary period, Sansky was appointed, on a temporary basis, to the position of Cadet Counselor 1 — a competitive class position carrying a grade 18 salary (see Civil Service Law § 64) — and, nearly three months later, he was appointed to that same position on a provisional basis (see Civil Service Law § 65). Roughly 16 months later, on March 8, 2017, Sansky was advised in writing that his service as a provisional Cadet Counselor 1 was being terminated and that, effective immediately, he was being returned to the position of Cadet Leader 1. Sansky was also advised that same day that he would be terminated from the position of Cadet Leader 1 on March 15, 2017 and that he would be placed on administrative leave until then. Respondent determined that, at the time of the termination, Sansky had 25 days remaining in his probationary period and that, because he had not yet been permanently appointed to the position of Cadet Leader 1, he was not entitled to a pretermination hearing under Civil Service Law § 75 or the applicable collective bargaining agreement.
Petitioners commenced this CPLR article 78 proceeding, arguing that Sansky had completed his probationary term and was therefore entitled to a pretermination hearing. Petitioners also argued that respondent terminated Sansky's employment in bad faith and in retaliation for his reporting of an alleged incident of neglect. Following oral argument, Supreme Court dismissed the petition, finding that Sansky was in fact a probationary employee at the time of his discharge and that petitioners failed to make a prima facie showing that the decision to terminate Sansky's employment was retaliatory or made in bad faith. This appeal ensued.
Petitioners first challenge Supreme Court's determination that Sansky was still a probationary employee at the time of his discharge. "A probationary employee's appointment becomes permanent either after the completion of the probationer's maximum period of service or upon earlier written notice following the completion of the minimum period of probation" (Matter of Cleary v New York State Dept. of Educ., 239 AD2d 649, 649 [1997]; see 4 NYCRR 4.5 [b] [5] [i]). Where, as here, "an employee who has not completed his [or her] probationary term is appointed on a temporary or provisional basis to a higher level position, the period of temporary or provisional service rendered by such employee in such higher level position may, in the discretion of the appointing authority, be considered as satisfactory probationary service in his [or her] lower position and may be counted as such in determining the satisfactory completion of such probationary term" (4 NYCRR 4.5 [i] [emphasis added]). In such circumstances, "[a]t any time after the expiration of the minimum period of the probationary term, or the entire probationary term if it be one of fixed duration, the appointing authority shall, on request of such probationer, furnish his [or her] decision in writing as to whether or not service in such higher level position shall be considered as satisfactory probationary service" (4 NYCRR 4.5 [i] [emphasis added]).
The record establishes that respondent determined, in its discretion, that Sansky's temporary and/or provisional service in the position of Cadet Counselor 1 would not count toward his completion of his probationary term for the position of Cadet Leader 1. It is undisputed that, after the expiration of his maximum probationary term in September 2015, Sansky did not request a determination as to whether his temporary or provisional service would be counted toward his probationary term and, therefore, he did not trigger respondent's regulatory obligation to issue a written determination as to how it would exercise its discretion (see 4 NYCRR 4.5 [i]). Thus, contrary to petitioners' contention, respondent was not required to advise Sansky prior to his discharge that his service at the higher title would not be counted toward the completion of his maximum probationary term. In addition, although the Department of Civil Service State Personnel Management Manual places an affirmative duty on respondent to inform an employee whether temporary or provisional service in another position will be counted toward his or her probationary term (see State Personnel Management Manual, 2010 Probation, § 234 [C] [1]), such requirement is inconsistent with the governing regulation and, thus, under the Manual's own provisions, the regulation takes precedence (see State Personnel Management Manual, Introduction, § 142).
Further, we are unpersuaded that Sansky's maximum probation report constituted a written determination under 4 NYCRR 4.5 (i). Although Sansky received an overall satisfactory rating in that report, the report was not issued by the appointing authority (see Civil Service Law § 2 [9]) and does not contain a recommendation as to Sansky's employment status or otherwise indicate that his temporary or provisional service would be counted toward his probationary term. Accordingly, although we are troubled that Sansky was terminated after nearly 2½ years of service, we are constrained to agree with Supreme Court that, at the time of his termination, petitioner was still a probationary employee and, therefore, "had no right to challenge [his] termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]; see Matter of Solomon v New York State Off. of Children & Family Servs., 170 AD3d 1297, 1297 [2019], lv denied ___ NY3d ___ [June 13, 2019]; Matter of Hanson v Crandell, 141 AD3d 982, 985 [2016]).
As to whether Sansky's discharge from employment was retaliatory or made in bad faith, petitioners bore "the burden of proof on this issue and [had to] present competent proof that [*2]the dismissal was motivated by an improper purpose or bad faith" (Matter of Scott v Workers' Compensation Bd. of State of N.Y., 275 AD2d 877, 877-878 [2000]). Generally, a hearing is required when there is "'a question of fact as to whether the dismissal was due to causes unrelated to work performance and/or improperly motivated'" (Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d 1253, 1254 [2009], quoting Matter of Gordon v Town of Queensbury, 256 AD2d 784, 785 [1998]; see Matter of Scott v Workers' Compensation Bd. of State of N.Y., 275 AD2d at 877). However, conclusory, speculative or unsupported allegations are insufficient to warrant a hearing (Matter of Solomon v New York State Off. of Children & Family Servs., 170 AD3d at 1297; Matter of Taylor v State Univ. of N.Y., 13 AD3d 1149, 1149 [2004]).
As alleged in the verified petition and Sansky's affidavit, petitioners assert that Sansky was discharged from his employment in retaliation for his reporting of an incident of neglect to the Justice Center for the Protection of People with Special Needs in June 2016, despite having been discouraged from doing so by his supervisor. Sansky stated that, after this reporting, his performance evaluations declined, and several false accusations were leveled against him. The record reveals that Sansky received a glowing performance evaluation from his supervisor in August 2016, thereby directly contradicting his assertion that his relationship with his supervisor declined after the neglect report. The record further reflects that Sansky was the subject of several complaints of harassment and insubordination beginning in September 2016. Critically, however, petitioners did not produce any evidence connecting the neglect report to these later complaints. There is simply no proof in the record that Sansky's supervisor or any other employee of respondent was aware that Sansky had in fact made the neglect report. In light of the foregoing, we agree with Supreme Court that petitioners' unsupported allegations of bad faith and retaliation were insufficient to warrant an evidentiary hearing on the matter (see Matter of Solomon v New York State Off. of Children & Family Servs., 170 AD3d at 1297-1298; Matter of Messenger v State Dept. of Corr. & Comm. Supervision, 151 AD3d 1433, 1434-1435 [2017]; Matter of Gordon v Town of Queensbury, 256 AD2d at 786). Accordingly, as Sansky was a probationary employee at the time of his termination from employment and petitioners failed to satisfy their burden of showing that Sansky was dismissed in bad faith or for an improper or impermissible reason, Supreme Court properly dismissed the petition (see generally Matter of Solomon v New York State Off. of Children & Family Servs., 170 AD3d at 1297-1298; Matter of Shabazz v New York State Dept. of Correctional Servs., 63 AD3d at 1254).
To the extent that we have not expressly addressed any of petitioners' contentions, they have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The position of Cadet Leader 1 was later reclassified to Youth Division Aide 2, but, for purposes of this appeal, the position will be continuously referred to as Cadet Leader 1.